BOARD OF EDUCATION OF THE CITY OF HARTFORD *v.*
HARTFORD FEDERATION OF SCHOOL SECRETARIES
(10166)

FOTI, LANDAU and HEIMAN, Js.

Argued November 8, 1991—decision released January 7, 1992

*Helen Apostolidis,* assistant corporation counsel, for
the appellant (plaintiff).

*Brian A. Doyle,* for the appellee (defendant).

LANDAU, J. The plaintiff Hartford board of educa-
tion (board) appeals from the judgment of the trial court
denying its application to vacate an arbitration award
brought pursuant to General Statutes § 52-418 and con-
comitantly granting an application by the defendant
Hartford Federation of School Secretaries (federation)
for an order confirming the award. The trial court con-
cluded that the board failed to sustain its burden of
proof. We agree.

The board and the federation entered into a collec-
tive bargaining agreement containing a multistep

grievance procedure that culminated in arbitration. Pursuant to that agreement, the federation filed a grievance alleging that one of its retired members, Laura Rycyna, was denied her full severance pay as a result of a miscalculation by the board. The dispute proceeded to arbitration. The issue submitted was as follows: "Did the Board violate Article VII, Section C.3 of the 1984–1988 contract in computing the amount of severance due to Laura Rycyna?" At the arbitration hearing both parties presented evidence regarding the specific amount of severance pay to which the grievant was entitled, and how that computation was made.

The arbitration panel issued the following award, which the trial court confirmed: "The Board is ordered to pay the Grievant's estate the additional sum of $344.79 which would have been paid had the formula for computing severance pay included both part sick days and full sick days." On appeal, the plaintiff claims that the trial court improperly found that the arbitrators did not exceed their authority and that the award conformed to the submission. It argues that the submission sought only a yes or no response and not a determination of a remedy.

It is undisputed that arbitration awards are generally upheld and that we give great deference to an arbitrator's decisions since arbitration is favored as a means of settling disputes. *Board of Education* v. *AFSCME,* 195 Conn. 266, 270, 487 A.2d 553 (1985); *Board of Education* v. *Local 818,* 5 Conn. App. 636, 639, 502 A.2d 426 (1985); *Trumbull* v. *Trumbull Police Local 1745,* 1 Conn. App. 207, 211–12, 470 A.2d 1219 (1984). Although a party to arbitration is entitled to judicial review, the autonomous nature of the arbitration process dictates minimal intrusion by the courts. *Middletown* v. *Police Local, No. 1361,* 187 Conn. 228, 230, 445 A.2d 322 (1982). The scope of judicial review of an arbitration award is limited by General Statutes § 52-418

and by the terms of the contract between the parties. *Carroll* v. *Aetna Casualty & Surety Co.,* 189 Conn. 16, 22, 453 A.2d 1158 (1983); *Trumbull* v. *Trumbull Police Local 1745,* supra. Specifically, review is limited to a comparison of the award with the submissions and to a determination of whether the award conforms to the submissions. *Watertown Police Union Local 541* v. *Watertown,* 210 Conn. 333, 338–39, 555 A.2d 406 (1989); *American Universal Ins. Co.* v. *DelGreco,* 205 Conn. 178, 186, 530 A.2d 171 (1987); *O & G/O'Connell Joint Venture* v. *Chase Family Limited Partnership No. 3,* 203 Conn. 133, 153, 523 A.2d 1271 (1987); *Stratford* v. *Local 134, IFPTE,* 201 Conn. 577, 584, 519 A.2d 1 (1986); *Caldor, Inc.* v. *Thornton,* 191 Conn. 336, 340, 464 A.2d 785 (1983), aff'd, 472 U.S. 703, 105 S. Ct. 2914, 86 L. Ed. 2d 557 (1985). The submission defines the scope of the entire arbitration proceedings by specifically delineating the issues to be decided and no matter outside the submission may be included in the award. *Hartford* v. *Local 760,* 6 Conn. App. 11, 14, 502 A.2d 429 (1986); see *Oldread* v. *National Union Fire Ins. Co. of Pittsburgh,* 5 Conn. App. 517, 519–20, 500 A.2d 956 (1985). The court may not review the award for errors of law or fact. *Bic Pen Corporation* v. *Local No. 134,* 183 Conn. 579, 584, 440 A.2d 774 (1981); *Hartford* v. *IAFF, Local 760, AFL-CIO, CLC,* 24 Conn. App. 254, 256–57, 587 A.2d 435 (1991).

Where the parties have consented to arbitration and have framed the issues submitted, we "make every reasonable presumption in favor of the arbitration award and the arbitrator's acts and proceedings." *O & G/O'Connell Joint Venture* v. *Chase Family Limited Partnership No. 3,* supra 145; *Bic Pen Corporation* v. *Local No. 134,* supra, 585; *Trumbull* v. *Trumbull Police Local 1475,* supra, 212. The burden of demonstrating the nonconformity of the award to the submission is

on the party seeking to vacate the award. *O & G/O'Connell Joint Venture* v. *Chase Family Limited Partnership No. 3*, supra, 145–46; *Bruno* v. *Department of Consumer Protection*, 190 Conn. 14, 18, 458 A.2d 685 (1983); *Bic Pen Corporation* v. *Local No. 134*, supra. On the basis of the record provided in this case we conclude that the trial court acted properly in determining that the plaintiff did not meet this burden.

Article VII, § C.3 of the collective bargaining agreement provides in relevant part: "Upon retirement of an employee, such employee shall be entitled to receive, on the basis of his/her current wages, a maximum of of sixty (60) days for twelve month employees and fifty (50) days for ten (10) month employees or twenty percent (20%) of the total unused sick leave days of the person's total period of employment, whichever is greater." The submission sought a determination of whether the severance pay due the grievant was calculated correctly. At the hearing, the parties submitted evidence directed to the computation of the severance pay. Thus, it is apparent that the submission sought an independent computation of the amount of the severance pay due the grievant. This is precisely what was done. It is irrelevant that the submission does not make a specific request for a remedy because a determination of the proper amount due the grievant is implicit in the submission. Thus, although the submission does not expressly ask what the remedy should be, it is clear that it was the parties' intent that the arbitrators fashion an appropriate remedy. Because the plaintiff has failed to demonstrate that the award does not conform to the submission, the trial court properly denied the motion to vacate the award.

The judgment is affirmed.

In this opinion the other judges concurred.