INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS, LOCAL 1339, AFL-CIO *v.* CITY OF WATERBURY
(12273)

LANDAU, SPEAR and CRETELLA, Js.

Argued March 28—decision released August 30, 1994

*J. William Gagne, Jr.,* for the appellant (plaintiff).

*John F. Phelan,* for the appellee (defendant).

*Scott A. Garver* filed a brief for Erwin Hale, as amicus curiae.

SPEAR, J. The plaintiff, the International Association of Fire Fighters, Local 1339, AFL-CIO, appeals from the judgment of the trial court denying its application to vacate an arbitration award. On appeal, the plaintiff claims that the arbitrators exceeded their authority or imperfectly executed their powers in violation of General Statutes § 52-418 (a) (4)[1] and that the trial court improperly denied the application to vacate. We reverse the judgment of the trial court and remand this case with direction to render judgment vacating the arbitration award.

The record discloses the following facts. In October, 1986, the defendant, the city of Waterbury, properly appointed[2] Lieutenant Erwin Hale to the temporary position of acting fire marshal. Hale held this position until his retirement in August, 1987. Upon retirement, Hale received a pension based on a fire marshal's pay rather than the lower pay of a lieutenant. The plaintiff filed a grievance challenging the amount of Hale's pension benefits.

---

[1] General Statutes § 52-418 (a) provides in relevant part: "Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds any of the following defects . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

[2] Article XXX, § 11 (A) of the parties' collective bargaining agreement provides: "In the event of the absence for any reason of the occupant of the Fire Marshal's position, such absence shall be filled by a 'qualified Deputy Marshal' . . . ." It is uncontested that Hale was a qualified deputy marshal because he met the requirements set out in article XXX, § 11 (D), by being a bargaining unit member holding proper state certification.

The collective bargaining agreement[3] provides for the arbitration of grievances between the parties. Article V limits the arbitrators' authority as follows: "Section 6a. The authority of the arbitrator shall be limited to the interpretation and application of this Contract. He shall have no right to add or subtract from the Contract.

"Section 6b. The decision of the arbitrator shall be final and binding on both parties."

Pursuant to this agreement, the plaintiff filed a grievance claiming that the defendant had violated article XXX, § 11 (E), of the collective bargaining agreement.[4] The parties submitted the following issue to arbitration: "Did the City violate Article XXXII of the contract by basing E.H. Hale's pension benefit on his Acting Fire Marshal's pay. If so, what shall be the remedy, to the extent the SBMA [State Board of Mediation and Arbitration] may order a remedy under the law."[5] On February 10, 1992, the arbitrators rendered the following award: "Based on the extenuating circumstances in this case as well as the fact that the panel is without jurisdictional authority to make any pension adjustments . . . it has unanimously decided to deny the grievance."

---

[3] On December 18, 1986, the plaintiff and the defendant entered into a collective bargaining agreement that was retroactively effective from July 1, 1986, to June 30, 1989.

[4] Article XXX, § 11 (E) provides: "When any Deputy Marshal performs the duties of the Marshal (as prescribed in the preceding sub-sections) such Deputy Marshal shall receive his normal base pay plus the difference between his normal base pay and the Marshal's base pay. Said difference shall not be considered for the purposes of Article XXXIII (pension)."

[5] The plaintiff contends that the wording of the submission in the SBMA arbitration award, dated February 10, 1992, which erroneously stated article XXXII as opposed to the correct citation of article XXX, § 11, evidences the arbitrators' confusion. We conclude that this is merely a typographical error and that the arbitrators considered the pertinent sections of the collective bargaining agreement.

The plaintiff applied to the Superior Court, pursuant to § 52-418 (a) (4), to vacate the arbitration award claiming that "the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." The Superior Court denied the application to vacate, stating that the award conformed to the submission because it answered the specific questions presented. From that judgment, the plaintiff appealed to this court.

"When the parties agree to arbitration and establish the authority of the arbitrator through the terms of their submission, the extent of our judicial review of the award is delineated by the scope of the parties' agreement. . . . When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. . . . Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution." (Citations omitted.) *Garrity* v. *McCaskey,* 223 Conn. 1, 4–5, 612 A.2d 742 (1992).

We agree with the trial court that the submission was unrestricted. In determining whether a submission is unrestricted we look at the authority of the arbitrator. "The authority of an arbitrator to adjudicate the controversy is limited only if the agreement contains express language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review. In the absence of any such qualifications, an agreement is unrestricted." Id., 5; *Carroll* v. *Aetna Casualty & Surety Co.,* 189 Conn. 16, 20, 453 A.2d 1158 (1983). In the present case, the collective bargaining agreement does not limit or condition the arbitrator's

authority in a manner that would make this a restricted submission. Thus, the submission is unrestricted and our review is accordingly limited.

"Even in the case of an unrestricted submission, we have, however, recognized three grounds for vacating an award: (1) the award rules on the constitutionality of a statute . . . (2) the award violates clear public policy . . . or (3) the award contravenes one or more of the statutory proscriptions of § 52-418." (Citations omitted.) *Garrity* v. *McCaskey,* supra, 223 Conn. 6; *State* v. *Connecticut Employees Union Independent, Inc.,* 33 Conn. App. 737, 740–41, 638 A.2d 619 (1994). The plaintiff maintains that the award should be vacated because the arbitrators exceeded their powers in violation of § 52-418 (a) (4) by (1) making an award that failed to conform to the submission, (2) referring to "extenuating circumstances," (3) considering matters outside the collective bargaining agreement, (4) deciding whether arbitrability was at issue, and (5) manifestly disregarding the law.

In deciding whether the arbitrators have exceeded their powers under § 52-418 (a) (4), we compare the award with the submission to determine if the award and the submission conform. See *New Haven* v. *AFSCME, Council 15, Local 530,* 208 Conn. 411, 415, 544 A.2d 186 (1988); *Forge Square Associates Ltd. Partnership* v. *Construction Services of Bristol, Inc.,* 33 Conn. App. 669, 671, 638 A.2d 606 (1994); *Hartford* v. *Local 760,* 6 Conn. App. 11, 13, 502 A.2d 429 (1986); *Board of Education* v. *Local 818,* 5 Conn. App. 636, 639–40, 502 A.2d 426 (1985). "The burden of demonstrating the nonconformity of the award to the submission is on the party seeking to vacate the award." *Board of Education* v. *Hartford Federation of School Secretaries,* 26 Conn. App. 351, 353–54, 600 A.2d 1053 (1992). Although we recognize that it is the exceptional case that is vacated on appeal because our courts have

faithfully given great deference to arbitrator's decisions, we believe that this is such a case. See *State* v. *Connecticut Employees Union Independent, Inc.,* supra, 33 Conn. App. 740.

Here, the submission expressly asked the arbitrators to determine whether the defendant had violated the collective bargaining agreement by basing Hale's pension benefits on the higher pay of acting fire marshal, and if it had, to provide an appropriate remedy. The submission was specific in form and could have been answered with precision and exactitude. It required a clear, unequivocal answer as to whether the agreement had been violated. See *Local 1078* v. *Anaconda American Brass Co.,* 149 Conn. 687, 690, 183 A.2d 623 (1962). By failing to answer the submitted question, the arbitrators imperfectly executed their powers under § 52-418 (a) (4).

Moreover, "[t]he submission defines the scope of the entire arbitration proceedings by specifically delineating the issues to be decided and *no matter outside the submission may be included in the award."* (Emphasis added.) *Board of Education* v. *Hartford Federation of School Secretaries,* supra, 26 Conn. App. 353; *Board of Education* v. *AFSCME,* 195 Conn. 266, 272, 487 A.2d 553 (1985). Instead of answering the question submitted, the arbitrators stated that they were denying the grievance *because* of "extenuating circumstances" and *because* they were "without jurisdictional authority to make the pension adjustments." The arbitrators, therefore, also exceeded their powers under § 52-418 (a) (4) because their award included matters outside the submission, namely the arbitrators' noncontractual reasons for denying the grievance. See *Board of Education* v. *AFSCME,* supra, 273; *Local 1078* v. *Anaconda American Brass Co.,* supra, 149 Conn. 690.

We conclude that the arbitrators exceeded their powers and imperfectly executed them so as not to render a "mutual, final and definite award" pursuant to § 52-418 (a) (4).

The judgment is reversed and the case is remanded with direction to render judgment vacating the arbitration award.

In this opinion the other judges concurred.