[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO VACATE, MODIFY AND/OR CORRECTARBITRATION AWARD (#101)
On November 22, 1994, the plaintiff, the City of Norwalk, filed an application requesting that the arbitration award dated October 31, 1994, rendered in the matter of City of Norwalk and AFSCME, be vacated, modified and/or corrected pursuant to General Statutes §§ 52-418 and 52-419. The plaintiff states that it and the defendant, AFSCME, are parties to a collective bargaining agreement which provides that if a grievance is not settled to the satisfaction of a party, the dispute may be referred to the Connecticut State Board of Mediation and Arbitration (the Board) within 10 days. This case involves an arbitration award in In theMatter of City of Norwalk and AFSCME, Board Case No. 9293-A-405, which sustained the grievance of Sergeant Roger Connell regarding Chief LaBianca's revocation of his approval of Connell's outside employment at Diamond Jim's Cafe.
On May 20, 1994, a hearing was held before the Board, and the award sustaining the grievance was made by the Board on October 31, 1994. Specifically, the Board found that "[t]he City of Norwalk violated Section 4.8 of the Norwalk Department of Police Service Manual when it revoked Sergeant Connell's permission to work outside employment on April 21, 1992. The grievance is sustained. The City shall forth with pay the grievant for all proven lost wages from his outside employment at Diamond Jim's Cafe from April 21, 1992 to the present."
On November 22, 1994, the plaintiff timely filed an application to vacate, modify and/or correct the arbitration award with a memorandum of law and supporting documents. On December 19, 1994, a hearing was held where the defendant filed a counter application to confirm the arbitration award. On January CT Page 5807 19, 1995, the defendant filed a memorandum of law in opposition to the plaintiff's application, and in support of its application to confirm the award, along with an affidavit by Laurie Cain, the panel chairperson at the arbitration proceeding.
The plaintiff argues that the award should be vacated, modified and/or corrected because the Board violated §§ 52-418
and 52-419, "in that [it] exceeded [its] powers or so imperfectly executed them that a mutual, final and definite Award upon the subject matter submitted was not made, that [its] Award shows evident partiality, that [it] made a material mistake in; description of the property referred to, that the [Board] awarded on a matter not submitted to [it], and that the Award was imperfect in a matter of form."
Specifically, the plaintiff requests that the award be vacated, modified and/or corrected on the grounds that: (1) a monetary award was made, yet a monetary award was not contemplated or framed by the issues; (2) the monetary award was improper because no evidence on a monetary loss was produced at the hearing; (3) the award was issued greater than thirty days after the last submission, in violation of § 52-416; (4) the Board failed to find that the grievance was timely filed; (5) the Board based their decision on a matter not submitted to them; (6) the arbitrators failed to find that the decision of the Chief of Police would have been different if a hearing had been held; and (7) the arbitrators failed to find that Diamond Jim's Cafe had continued to be in existence.
1. Timeliness of Arbitration Award
The plaintiff argues that the Board violated § 52-416
because the award was issued on October 31, 1994, more than thirty days after the last brief was submitted on August 12, 1994.
Section 52-416(a) provides that "[i]f the time within which an award is rendered has not been fixed in the arbitration agreement, . . . the arbitrators . . . shall render the award within thirty days from the date the hearing or hearings are completed, or, if the parties are to submit additional material after the hearing or hearings, thirty days from the date fixed by . . . the arbitrators . . . for the receipt of the material. An award made after that time shall have no legal effect unless the parties expressly extend the time in which the award may be CT Page 5808 made by extension or ratification in writing." The language of this statute has been held to be mandatory. See Marsala v. ValveCorp. of America, 157 Conn. 362, 368-70, 254 A.2d 496 (1969);Carr v. Trotta, 7 Conn. App. 272, 275, 508 A.2d 799, cert. denied, 200 Conn. 806, 512 A.2d 229 (1986); Travelers InsuranceCo. v. Scrivani, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 267889 (December 2, 1993, Spear, J.);Artese v. Allstate Insurance, 6 Conn. L. Rptr. 37 (February 5, 1992, Spear, J.).
Nevertheless, the Connecticut Supreme Court has stated that it "will not permit parties to anticipate a favorable decision, reserving a right to impeach it or set aside if it happens to be against them, for a cause which was well known to them before or during the trial . . . This same principle has been applied in the arbitration context, where the court has held that a plaintiff's failure to raise the issue of timeliness prior to the issuance of an arbitration award operates as a waiver of the right to assert the award's lack of timeliness. AFSCME v. NewBritain, 206 Conn. 465, 468, 538 A.2d 1022 (1988). In DiamondFertilizer Chemical Corp. v. Commodities Trading InternationalCorporation, 211 Conn. 541, 554, 560 A.2d 419 (1989), the court rejected the plaintiff's belated objection to the timeliness of an award, stating adamantly that it would not reward such conduct where the plaintiff attempted to manipulate the arbitration process by reserving objection until after the announcement of the arbitral award. . . ." (Citation omitted; internal quotation marks omitted.) Capozzi v. Liberty Mutual Fire Insurance Co.,32 Conn. App. 250, 256, 629 A.2d 424 (1993), aff'd, 229 Conn. 448,642 A.2d 74 (1994) (affirming trial court's finding that the parties waived any right to object to the untimeliness of the arbitration award because they knew that the arbitrators had not met within thirty days of the submission of the reply briefs); see also Lewis Construction Co., Inc. v. J. Association. Inc.,4 Conn. L. Rptr. 342, 343-45 (July 18, 1991, Teller, J.) (holding that the submission to arbitration was unlimited, both substantively and procedurally, therefore, the parties had empowered the arbitrators to decide all procedural issues, including a reasonable date within which to render a decision);Marlak v. Setaro, 3 Conn. L. Rptr. 707 (January 22, 1991, Langenbach, J.) (denying motion to vacate arbitration award on the ground that it was untimely because the defendant did not object until the award was over three months late, and a decision had been rendered). CT Page 5809
Furthermore, in Danbury Rubber Co. v. Local 402, 145 Conn. 53,56-68, 138 A.2d 705 (1958), the court stated that the 60 day period within which an arbitration award was required to be made, pursuant to General Statutes § 8159, presently § 52-416, did not apply where the matter was referred to the board of mediation and arbitration by parties operating under a collective bargaining agreement.
In the present case, the hearing was held on May 20, 1994, and the last brief was submitted on August 12, 1994. Therefore, the arbitration award dated October 31, 1994, was not rendered within thirty days of the last submission by the parties.
Alternatively, this court holds that by failing to raise the untimeliness of the rendering of an award, prior to the issuance of the award, the plaintiff waived its right to assert the award's lack of timeliness; AFSCME v. New Britain, supra,206 Conn. 468; and that it will not "reward such conduct where the plaintiff attempted to manipulate the arbitration process by reserving objection until after the announcement of the arbitral award." See Diamond Fertiliser Chemical Corp. v. CommoditiesTrading International Corporation, supra, 211 Conn. 554; Capozziv. Liberty Mutual Fire Insurance Co., supra, 32 Conn. App. 256;Lewis Construction Co., Inc. v. J. Association, Inc., supra,4 Conn. L. Rptr. 343-45.
2. General Statutes § 52-418
The plaintiff argues that the Board violated § 52-418 in that it exceeded its powers or "so perfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made" because its award included monetary damages, yet the submission to the Board did not contemplate a monetary award. The plaintiff argues that the submission to the Board was: "[w]hether the City of Norwalk violated Section 4.8 of the Norwalk Department of Police Service Manual when it revoked Sgt. Connell's permission to work outside employment on April 21, 1992?"
In opposition the defendant argues that the submission to the Board also included the issue "[a]nd if so, what shall the remedy be?"
"In determining whether a submission is unrestricted we look at the authority of the arbitrator. The authority of an CT Page 5810 arbitrator to adjudicate the controversy is limited only if the agreement contains express language restricting the breadth of the issues reserving explicit rights, or conditioning the award on court review. In the absence of any such qualifications, an agreement is unrestricted." (Internal quotation marks omitted.) Id., 778-79; see also Bodner v. United Services AutomobileAssociation, 222 Conn. 480, 487-91, 610 A.2d 1212 (1992);Metropolitan District Commission v. AFSCME, Council 4, Local3713, 35 Conn. App. 804, 810, 647 A.2d 755 (1994); Maluszewski v.Allstate Insurance Co., 34 Conn. App. 27, 32, 640 A.2d 129
(1994); Bridgeport v. Conn. Police Department Employees,32 Conn. App. 289 (1993).
In the present case, the Board's authority was not limited, and therefore, the arbitration agreement was unrestricted. SeeInternational Association, Fire Fighters v. Waterbury, supra,35 Conn. App. 779; Bodner v. United Services Automobile Association, supra, 222 Conn. 487-91; Metropolitan District Comm. v. AFSCME,Council 4, supra, 35 Conn. App. 810; Maluszewski v. AllstateInsurance Co., supra, 34 Conn. App. 32; Bridgeport v. Conn.Police Department Employees, supra, 32 Conn. App. 289 (1993).
The Connecticut Supreme Court has recognized that "when an arbitration is consensual, rather than statutorily imposed, judicial review is limited in scope. . . . If the parties mutually agree to submit their dispute to arbitration the award is not reviewable for errors of law or fact. Judicial review of unrestricted submissions is limited to a comparison between the submission and the award to see whether, in accordance with the powers conferred upon the arbitrators, their award conforms to the submission." Bodner v. United Services AutomobileAssociation, supra, 222 Conn. 487-88.
"In deciding whether the arbitrators have exceeded their power under § 52-418(a)(4), we compare the award with the submission to determine if the award and the submission conform."International Association of Fire Fighters v. City of Waterbury,35 Conn. App. 775, 779, 647 A.2d 361 (1994). "[I]n determining whether an arbitrator has exceeded his authority . . . the courts need only examine whether the award conforms to the submission. . . . Under an unrestricted submission, the arbitrators' decision is considered final and binding; thus the courts will not review that evidence considered by the arbitrators nor will they review the award for errors of law or fact. . . ." (Citations omitted.) American Universal Ins. Co. v.CT Page 5811DelGreco, 205 Conn. 178, 187, 530 A.2d 171 (1987).
"Every reasonable presumption and intendment will be made in favor of the award and of the arbitrator's acts and proceeding. Hence, the burden rests on the party challenging the award to produce evidence sufficient to show that it does not conform to the submission." Board of Education v. Waterbury TeachersAssociation, 216 Conn. 612, 618, 583 A.2d 626 (1990). Furthermore, "[t]he burden of demonstrating the nonconformity of the award to the submission is on the party seeking to vacate the award." Board of Education v. Hartford Federation of SchoolSecretaries, 26 Conn. App. 351, 353-54, 600 A.2d 1053 (1992).
This court's scope of review is limited to comparing the award with the submission to decide if the award and the submission conform. See Bodner v. United Services AutomobileAssociation, supra, 222 Conn. 487-88.
The submission by the parties included a request for a remedy. In support of its position that the submission to the Board included a second question regarding a remedy, the defendant has submitted the affidavit of Laurie Cain. "[A]n arbitrator's testimony is admissible to show what matters were submitted for decision." Elder Brothers, Inc. v. InternationalBrotherhood of Teamsters, Local 1040, 36 Conn. Sup. 223, 224,416 A.2d 961 (Super.Ct. 1980). In her affidavit, Cain attested that the submission agreed to by the parties was "[w]hether the City of Norwalk violated Section 4.8 of the Norwalk Department of Police Service Manual when it revoked Sgt. Connell's permission to work outside employment on April 21, 1992? And, if so, what shall the remedy be?" She further attested that the last line of the submission, seeking a remedy was "inadvertently omitted" by her in the drafting process preceding the award, and that her notes "clearly indicated that the submission agreed to by the parties included a request for a remedy." Furthermore, a copy of the written submission of the parties, signed by the parties, that included the issue "[a]nd if so, what shall the remedy be?" was marked as Exhibit A at the hearing on December 19, 1994.
The award by the Board conforms to the submission by the parties, which requested a remedy. See Bodner v. United ServicesAutomobile Association, supra, 222 Conn. 487-88. Therefore, the Board's decision is final and binding, and the court should not review the evidence considered by the Board or review the award for errors of law or fact. American Universal Insurance Co. v.CT Page 5812DelGreco, supra, 205 Conn. 187.
Accordingly, the court denies the plaintiff's motion and grants the defendant's application to confirm the award.
KARAZIN, J.