[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: ARBITRATION AWARD
On July 21, 1995, R.G. Vadney. Inc, the plaintiff, filed an application to vacate an arbitration award[1] pursuant to General Statutes § 52-418.[2] In the application, Vadney alleges that on March 14, 1995 it entered into a written agreement for arbitration with Teamsters, Local 443, the defendant, and that pursuant to the agreement the arbitrator made a written award on June 27, 1995. Vadney alleges that the arbitrator exceeded her powers "and/or so imperfectly executed them that a mutual, final and definitive award upon the subject CT Page 7275 matter submitted to the arbitrator was not made." Vadney seeks to have the court vacate the award, asks the court to order the Teamsters to show cause why the award should not be vacated and asks the court to enter an order staying all proceedings; by the defendant to enforce the award. Attached to the application was a copy of the agreement to arbitrate and a copy of the arbitration award.
The Teamsters seek to confirm the arbitration award. This court was requested to decide the matter on the papers submitted.
DISCUSSION
A "preliminary question which [the court] must address concerns the scope of the submission to arbitration. Where the submission is unrestricted, `the award is . . . final and binding and cannot be reviewed for errors of law or fact.' MilfordEmployees Assn. v. Milford, 179 Conn. 678, 683, 427 A.2d 859
(1980)." Carroll v. Aetna Casualty Surety Co., 189 Conn. 16,19, 453 A.2d 1158 (1983). "The arbitration clause in a contract constitutes the written submission to arbitration." Fraulo v.Gabelli, 37 Conn. App. 708, 714, 657 A.2d 704 (1995). "In determining whether a submission is unrestricted [the court] look[s] at the authority of the arbitrator." International Assn.of Fire Fighters, Local 1339. AFL-CIO v. Waterbury, 35 Conn. App. 775,778, 647 A.2d 361 (1994). "The authority of an arbitrator to adjudicate the controversy is limited only if the agreement contains express language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review. In the absence of any such qualifications, an agreement is unrestricted." Garrity v. McCaskey, 223 Conn. 1, 5,612 A.2d 742 (1992).
In the present case, the arbitration provision contained in the agreement provides in pertinent part that "[t]he arbitrator shall not have the power to amend or modify this Agreement or establish new terms or conditions under this Agreement. The arbitrator shall determine any questions of arbitrability." (Agreement, Art. VII. ¶ 4.) In addition, the issue presented to the arbitrator provides: "Was the grievant Kelly Sawyer demoted for just cause? If not, what shall the remedy be?" (Award, p. 1). In International Assn. of Fire Fighters, Local1339, AFL-CIO v. Waterbury, supra, the court found a similar arbitration agreement to be unrestricted. In that case a collective bargaining agreement provided that "[t]he authority of CT Page 7276 the arbitrator shall be limited to the interpretation and application of this Contract. [The arbitrator] shall have no right to add or subtract from the Contract." Id., 777. The agreement in the present case does not limit or condition the arbitrator's authority in a manner that would cause the court to conclude that this is a restricted submission, and the court's review is limited.
"When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. . . . Because [the court] favor[s] arbitration as a means of settling private disputes, [the court] undertakes[s] judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution." (Citations omitted.) Saturn Construction Co. v.Premier Roofing Co., 238 Conn. 293, 304, 680 A.2d 1274 (1996). Because "[e]very reasonable presumption is made in favor of upholding [an] arbitrator's award[,] the party challenging the award as exceeding the limits stated in the submission, carries the burden of proving such nonconformance." New Haven v. AFSCME,Council 15, Local 530, 9 Conn. App. 396, 398, 519 A.2d 93 (1986). "Hence, the burden rests on the party attacking the award to produce evidence sufficient to invalidate it or avoid it." Boardof Education v. AFSCME, 195 Conn. 266, 271, 487 A.2d 553 (1985).
In its memorandum in support of its application to vacate, Vadney argues that "the arbitrator has exceeded her authority by making an award beyond the scope of the submission which she enlarged by unilaterally inserting a standard of just cause . . . where none exists." (Vadney's Memorandum in Support, p. 4.) In response the Teamsters argue that Vadney should be estopped from claiming that the arbitrator applied the wrong standard after it agreed to a submission which contained a standard for demotion. In its supplemental memorandum, Vadney argues that the arbitrator's award did not conform to the submission because it did not agree to a just cause standard. Vadney also argues that article III, ¶ 1 of the agreement specifically limits the just cause standard to actions of suspension, discharge or other disciplinary measures.
In the present case, Vadney has the burden of showing that the arbitrator acted beyond the scope of the submission. Board ofEducation v. AFSCME, supra, 195 Conn. 271. In support Vadney offers article III of its agreement with the Teamsters, which, it CT Page 7277 argues, does not require just cause for the demotion of an employee. Vadney asks the court, therefore, to conclude that the arbitrator "unilaterally rewrote the submission." Vadney offers no evidence to show that it did not accept the submission to the arbitrator or that it made a timely objection to the submission. Parties are not entitled to "forego objections to arbitration, gambling upon a favorable result and, when losing, to raise the procedural defects in a motion to vacate." Waterbury Board ofEducation v. Waterbury Teachers Assn., 168 Conn. 54, 63,357 A.2d 466 (1975). "[I]t is doubtful that an arbitrator can ever narrow the scope of submission at the urging of one party to the dispute during the proceedings. The parties to the arbitration have the burden of framing the submission . . . and if one party is unhappy with the initial claim, it can file responses to the submission." (Citations omitted.) Wolf v. Gould, 10 Conn. App. 292,297, 522 A.2d 1240 (1987). In the present case, Vadney has failed to present any evidence that it filed any responses to the Teamsters' submission. Accordingly, Vadney has failed to sustain its burden of proving that the arbitrator exceeded the scope of the parties' submission. The submission before the arbitrator was unqualified. The court must review the award to determine whether it conforms to the submission.
"Where the parties have voluntarily and contractually agreed to submit to arbitration and have delineated the powers of the arbitrator through their submission, then the scope of the judicial review of the award is limited by the terms of the parties' agreement and by the provisions of General Statutes § 52-418. . . . [I]n determining whether an arbitrator has exceeded his authority or improperly executed the same under § 52-418 (a), the courts need only examine the submission and the award to determine whether the award conforms to the submission." (Citations omitted.) American Universal Ins. Co. v.DelGreco, 205 Conn. 178, 185-86, 530 A.2d 171 (1987).
The Supreme Court, has recognized three grounds for vacating an arbitration award even where the submission was unrestricted: "(1) the award rules on the constitutionality of a statute . . . (2) the award violates clear public policy . . . (3) the award contravenes one or more of the statutory proscriptions of §52-418." (Citations omitted.) Garrity v. McCaskey, supra,223 Conn. 6. "In deciding whether the arbitrators have exceeded their [statutory] powers [the] court, as a general rule, examines only the award to determine whether it is in conformity with the submission. The memorandum of the arbitrator is irrelevant." CT Page 7278Board of Education v. AFSCME, supra, 195 Conn. 271. "The memorandum of decision may, however, be examined to determine if an arbitrator has exceeded his or her authority by making an award beyond the scope of the submission." Id. See also GennariniConstruction Co. v. Messina Painting Redecorating Co., 5 Conn. App. 61,65, 496 A.2d 539 (1985) (a challenge to an award made pursuant to § 52-418 (a) is reviewed by comparing the award with the submission. "Where the submission is unrestricted, the court will not review the evidence or the legal questions involved but is bound by the arbitrator's legal and factual determinations.") "Arbitration is a creature of contract; if the parties choose to set limits on the arbitrators' powers, then the parties will be bound by those limits." Board of Education v.AFSCME, supra, 195 Conn. 269.
In the present case, the submission made to the arbitrator was as follows: "Was the grievant Kelly Sawyer demoted for just cause? If not, what shall the remedy be?" The arbitrator determined that "although the agreement itself does not require a just cause standard for demotions pursuant to article III, the parties have framed the issues to include this standard." (Award, p. 3.) The arbitrator concluded that when Vadney returned Sawyer to part-time status Vadney acted without just cause for two reasons. First, Vadney failed to provide notice of the probable consequences of the employee's conduct, and second, the disciplinary action taken was not reasonably related to the seriousness of the offense and Sawyer's employee record. The arbitrator found that Vadney disregarded the principles of just cause and reinstated Sawyer forthwith to his full-time position.
"The award conform[s] to the submission [when] [t]he award [is] dispositive of the dispute the parties submitted to [arbitration]." Stratford v. Local 134, IFPTE, 201 Conn. 577, 584,519 A.2d 1 (1986). "Whether or not an award conforms to the submission is an inquiry which asks simply whether or not the arbitrator has answered the questions lawfully put to him. If he answers those questions and no others, then his award conforms to the submission." In the present case, the award is in conformity with the submission because the arbitrator gave a definite answer to the submission; the arbitrator applied the just cause standard contained in the submitted issue, determined that Sawyer was demoted in violation of that standard and awarded Sawyer appropriate relief.
For the foregoing reasons the court denies Vadney's CT Page 7279 application to vacate the arbitration award and grants the Teamsters' application to confirm the award.
Frank S. Meadow Judge Trial Referee