[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks an order vacating an arbitration award involving matters between him and Nationwide Insurance Company. On January 7, 1994, he was involved in a motor vehicle accident caused by the negligence of a third party. After settling the claim against the tortfeasor, the plaintiff and the defendant CT Page 166-I submitted to arbitration pursuant to the underinsured motorists provision in the plaintiff's policy.
On June 21, 1996, the arbitrators issued a written award in which they concluded that the plaintiff's underinsured motorist claim was not barred by the workers' compensation "exclusive remedy" statute, Sec. 31a-284 (a) of the General Statutes and furthermore, that the plaintiff had not actually received workers' compensation benefits. The arbitrators then awarded the plaintiff a net award of $10,000 consisting of an award of $35,000, reduced by the amount of $20,000 received from the tortfeasor, further reduced by the amount of $5,000 in Basic Reparation Benefits (BRB) paid by the defendant.
Upon notification of the arbitrators' award, the plaintiff filed a timely application with this court seeking to vacate the award on the grounds that the arbitrators failed to: (1) detail how they arrived at their conclusions; (2) allocate economic and non-economic damages; (3) take into account the plaintiff's pain and suffering; and (4) take into account the impact on the plaintiff's lifestyle.
Connecticut recognizes that even in case of an unrestricted submission three grounds exist to sustain an order vacating the award: (1) the award rules on the constitutionality of a statute; CT Page 166-J (2) the award violates clear public policy; or (3) the award contravenes one or more of the statutory proscriptions of Sec.52-418 of the General Statutes. Garrity v. McCaskey, 223 Conn. 1,6. The party challenging an arbitration award "bears the burden of producing evidence sufficient to demonstrate a violation of § 52-418." Metropolitan District Commission v. AFSCME,237 Conn. 114, 119.
Section 52-418 (a) provides that upon the application of any party to an arbitration, the Superior Court "shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."
In deciding whether the arbitrators have exceeded their powers under Sec. 52-418 (a)(4), the court compares the award with the submission to determine if the award and the submission CT Page 166-K conform. Garrity v. McCaskey, supra, 7; International Associationof Fire Fighters v. Waterbury, 35 Conn. App. 775, 779. The party applying to vacate the award must demonstrate the nonconformity of the award to the submission. Fraulo v. Gabelli,37 Conn. App. 708, 717.
In addition to allowing the court to set aside an award on the grounds that the arbitrators exceeded the powers authorized by the submission of the parties, Sec. 52-418 (a)(4) encompasses the doctrine of "manifest disregard of the law." Garrity v.McCaskey, supra, 7. "[A]n award that manifests an egregious or patently irrational application of the law is an award that should be set aside pursuant to 52-418 (a)(4) because the arbitrator has `exceeded [his] powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.' . . . [T]he `manifest disregard of the law' ground for vacating an award is narrow and should be reserved for circumstances of an arbitrator's extraordinary lack of fidelity to established legal principles." Saturn ConstructionCo. v. Premier Roofing Co., 238 Conn. 293, 304.
In the present case, the plaintiff has failed to produce any evidence whatsoever to demonstrate that the award violates the provisions of Sec. 52-418 or implicates either of the two narrow common law constitutionality or public policy exceptions.[1]
CT Page 166-L First, the plaintiff's application to vacate the award does not assert any of the recognized statutory or common law grounds for vacating an award. To the contrary, the claims asserted in the application appear merely to explain the plaintiff's disagreement and displeasure with the award.
Second, were the court to construe the application in such a manner so that it asserts a recognized ground upon which it could vacate the award, it remains more than evident that the plaintiff has submitted no evidence to demonstrate such merit. The only ground that reasonably could be interpreted from the language of the application is that the plaintiff intended to assert that the award violates Sec. 52-418 (a)(4). However, to reiterate, the plaintiff has presented no evidence that the arbitrators exceeded their authority as granted in the submission, especially in light of the fact that the plaintiff did not even present the submission. In addition, there is no evidence that the arbitrators manifestly disregarded any clearly established legal principles. In fact, the legal principles applied by the arbitrators were applied correctly and in favor of the plaintiff, and who now appears merely to be objecting to the damage figure. "It is clear that a party cannot object to an award which accomplishes precisely what the arbitrators were authorized to do merely because that party dislikes the results. . . ." SaturnConstruction Co. v. Premier Roofing Co., supra, 304. CT Page 166-M
In light of the foregoing, the application to vacate is denied, and judgment may enter in accordance with the arbitrators' award.
Moraghan, J.