[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 1772RE: MOTION TO VACATE ARBITRATION AWARD
The plaintiff, Hartford Police Union ("Union") has brought this action seeking to vacate an arbitration decision that upheld a 45 day disciplinary suspension imposed on Sergeant Edwin Garcia. The Union claims that (1) the arbitrators exceeded their powers or so imperfectly executed them that a mutual final and definite award upon the subject matter was not made; (2) the arbitration award was contrary to the terms of the contract and law; (3) the arbitration award modified and amended the provisions of the Agreement; and (4) the arbitration award offended public policy.
In support of these claims the Union claims that the disciplinary proceedings conducted by the police department were flawed because (1) the proceedings improperly combined off-duty and on-duty conduct that is treated separately in the Collective Bargaining Agreement; (2) the police department failed to meet its burden of proof at the disciplinary hearing; and (3) the hearing officer failed to make subordinate findings of fact in violation of Sergeant Garcia's due process rights.
In this case the issue presented to the arbitrators was:
 Did the City impose a 45 day suspension upon Edwin Garcia for just cause? If not, what shall be the remedy?
In response, the arbitrators in their award stated:
 Yes, the forty-five (45) day suspension imposed upon Edwin Garcia was for just cause.
Judicial review of arbitration awards is limited in scope because arbitration is a creature of contract and the parties delineate the power of the arbitrator by the terms of the submission. Wilson v. Security Insurance Group, 199 Conn. 618,627 (1986). The type of judicial review turns on whether the submission decided by the arbitrators was "restricted" or "unrestricted". When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. CT Page 1773Garrity v. McCaskey, 223 Conn. 1, 4-5 (1992). The authority of an arbitrator is restricted only if the agreement contains express language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review. In the absence of any such qualifications, an agreement is unrestricted. Id.
After reviewing the arbitration clause in the collective bargaining agreement between the Union and the City, the court finds that the submission was unrestricted. See InternationalAssociation of Fire Fighters. Local 1339. AFL-CIO v. Waterbury,35 Conn. App. 775, 778 (1994) (arbitration clause that only limited arbitrator to application of the Contract without other qualifications held unrestricted).
The court also finds that the award conformed to the submission. An award conforms to the submission when the award is dispositive of the dispute the parties submitted to arbitration.Stratford v. Local 134 IFPTE, 201 Conn. 577, 584 (1986). In this case, the award gave a definite answer to the submission which was dispositive of the dispute. In sum, the arbitrators did not exceed their powers or so imperfectly execute them that a mutual, final and definite award upon the subject matter submitted was not made. § 52-418 (a)(4).
Accordingly, the motion to vacate the award is denied.
So Ordered at Hartford, Connecticut this 4th day of February 1998.
Devlin