[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON ARBITRATORS' AWARD
On February 25, 1998, the city of Danbury (City) filed an application to vacate the State Board of Mediation and Arbitration's January 26, 1998 arbitration award.[1] Teamsters Local Union No. 677 filed an objection thereto and cross application to confirm the award. The following facts are relevant to a resolution of this matter.
On July 1, 1994, the City and the Teamsters Local Union 677 CT Page 5532 (Teamsters) entered into a written collective bargaining agreement (Agreement) which contained a grievance procedure in Article 15. Article 15 provides that if a dispute cannot be settled, the matter will be submitted to arbitration before the State Board of Mediation and Arbitration. The City and the Teamsters submitted a dispute involving Thomas Saunders' (Mr. Saunders) termination to the State Board of Mediation and Arbitration (Arbitration Panel).
Mr. Saunders was employed as a Tree Operator I for the City. On October 15, 1996, Mr. Saunders' supervisor told him that he was selected for a random drug test and was to report immediately to the Corporate Health Center. The City had a policy of randomly drug testing holders of commercial driver's license who worked in the Tree Department. Mr. Saunders' position in the Tree Department required him to have a commercial driver's license.[2] Mr. Saunders' refused to take the drug test and told his supervisor, Mr. Smith, that he was going home sick. The City found Mr. Saunders guilty of insubordination and discharged him because of his actions on November 6, 1996.
The issue submitted by the parties to the Arbitration Panel was: "Did the City of Danbury violate the collective bargaining agreement by terminating the employment of Thomas Saunders? If so, what shall the remedy be consistent with the contract and the law?" (Exhibit B of Motion to Vacate, Arbitration Award, p. 1). The Arbitration Panel issued an award on January 26, 1998, finding that the City violated the Agreement by terminating Mr. Saunders.
On March 26, 1998, the Teamsters filed an objection to the City's application to vacate and a cross application to confirm the arbitration award. On March 30, 1998, the City filed a memorandum of law in support of its application to vacate the arbitration award. The City asserts that the Award should be vacated pursuant to General Statutes § 52-418 (a)(4) because the Arbitration Panel exceeded their powers and executed those powers by making an award that is contrary to public policy.
"The threshold question in any judicial review of an arbitration award is the standard of review to be applied."Connecticut Ins. Guaranty Assn. v. Onolfo, Superior Court, judicial district of Waterbury, Docket No. 133750 19 CONN. L. RPTR. 584
(June 6, 1997, Vertefeuille, J.). The standard of review depends on "whether the arbitration was voluntary or compulsory and, if voluntary, CT Page 5533 whether the submission was restricted or unrestricted."Maluszewski v. Allstate Ins. Co., 34 Conn. App. 27, 32,640 A.2d 129, cert. denied 229 Conn. 921, 642 A.2d 1214 (1994).
"The voluntary or compulsory nature of arbitration determines the scope of judicial review." General Accident Ins. Co. v.McGee, 33 Conn. App. 626, 629, 637 A.2d 792, cert. denied229 Conn. 909, 642 A.2d 1205 (1994).[3] "[D]e novo judicial review is appropriate where arbitration is compulsory. . . . Conversely, when arbitration is consensual, rather than statutorily imposed, judicial review is limited in scope. . . . If the parties mutually agree to submit their dispute to arbitration, the resulting award is not reviewable for errors of law or fact." (Citations omitted; internal quotation marks omitted.). Id., 30.
In the present case, the parties agreed to have disputes that arose from the Agreement settled by arbitration. The arbitration was voluntary.
"The authority of an arbitrator to adjudicate the controversy is limited only if the agreement contains express language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review. In the absence of any such qualifications, an agreement is unrestricted." Garrity v.McCaskey, 223 Conn. 1, 5, 612 A.2d 742 (1992).
In the present case, the issues submitted to the arbitrator were: 1) Did the city of Danbury violate the collective bargaining agreement by terminating the employment of Thomas Saunders? 2) If so, what shall the remedy be consistent with the contract and the law? Article 15-Grievances states in relevant part: "15.4.4 Step 4. If prior Steps hereto have been complied with and settlement of a grievance has not been effected, the matter shall be submitted to the Connecticut State Board of Mediation and Arbitration. The decision rendered by the arbitrator or arbitrators shall be final and binding upon both parties." (Exhibit A of Motion to Vacate, Agreement, p. 20).
In the present case, the Agreement does not limit or condition the arbitrator's authority in a manner that would make this a restricted submission. See, e.g. International Assn. ofFire Fighters, Local 1339. AFL-CIO v. City of Waterbury,35 Conn. App. 775, 778-79, 647 A.2d 361 (1994).
"Even in the case of an unrestricted submission, we have, CT Page 5534 however, recognized three grounds for vacating an award: (1) the award rules on the constitutionality of a statute;. . . . (2) the award violates clear public policy;. . . .or (3) the award contravenes one or more of the statutory proscriptions of [§]52-418. . . ." Garrity v. McCaskey, supra, 223 Conn. 1, 6.
"Judicial review of unrestricted submission is limited to a comparison between the submission and the award to see whether, in accordance with the powers conferred upon the arbitrators, their award conforms to the submission." General Accident Ins.Co. v. McGee, supra, 33 Conn. App. 1, 6.[4]
The City argues that the arbitration panel's award should be vacated pursuant to General Statutes § 52-418 (a)(4)[5]
because the panel exceeded their powers. The Teamsters counter that the arbitration award conforms with the submission, and therefore, the panel did not exceed their powers.
"In deciding whether the arbitrators have exceeded their power under § 52-418 (a)(4), we compare the award with the submission to determine if the award and the submission conform. . . . The burden of demonstrating the nonconformity of the award to the submission is on the party seeking to vacate the award. . . ." International Assn. of Fire Fighters, Local 1339.AFL-CIO v. Waterbury, supra, 35 Conn. App. 775, 779.
"The memorandum of the arbitrator is irrelevant. . . . The memorandum of decision may, however, be examined to determine if an arbitrator has exceeded his or her authority by making an award beyond the scope of the submission. . . ." (Citations omitted; internal quotation marks omitted.). Board of Educationof the City of New Haven v. AFSCME, 195 Conn. 266, 271,487 A.2d 553 (1985).
There are two cases, similar to the present case, where the Connecticut Appellate Courts determined that an arbitrator exceeded his authority pursuant to § 52-418 (a)(4): Board ofEducation v. AFSCME, supra, 195 Conn. 266; and InternationalAssn. of Fire Fighters, Local 1339, AFL-CIO v. Waterbury, supra,35 Conn. App. 775.
In Board of Education v. AFSCME, supra, the submission before the arbitration panel was: "Did the Board of Education violate the collective bargaining agreement between the Union and the Board in terminating [the employee]? If so, what shall the remedy CT Page 5535 be?" Id., 272. The arbitration panel decided that the employer violated the Agreement because they did not properly serve the termination notice on the grievant. The panel's sole basis for its decision that the employer violated the collective bargaining agreement was a stipulated grievance award that was entirely unrelated to the grievance that was before the panel. There was no provision in the parties' contract that addressed the issue of the manner that a termination notice was to be served. Id. 272.
The Supreme Court held, "[t]here is no question but that the award in this matter exceeded the scope of the submission. The stipulated award. . . was the sole basis upon which the arbitration panel found that the board violated the agreement."Board of Education v. AFSCME, supra, 195 Conn. 273. "Here, the arbitration panel exceeded its authority by considering and basing its award on a document which was not a part of the parties' agreement." Id.
Similarly, in International Assn. of Fire Fighters Local 1339.AFL-CIO v. City of Waterbury, supra, 35 Conn. App. 775, the Appellate Court held that an arbitration panel exceeded their powers under § 52-418 (a)(4) because their award included matters outside the submission. The Court concluded that, "[i]nstead of answering the question submitted, the arbitrators stated that they were denying the grievance because of `extenuating circumstances' . . . The arbitrators, therefore, also exceeded their powers . . . because their award included matters outside the submission, namely the arbitrators' noncontractual reasons for denying the grievance." Id., 780.
In the present case, the Arbitration Panel stated "[g]enerally, three requirements must be satisfied before arbitrators uphold a discharge for insubordination: 1) The employer must demonstrate that the instruction were clear and that the Grievant understood the directive. 2) The instruction or directive must be understood to be an order not just a request, and 3) the individual must understand the penalty that may be imposed for being insubordinate. . . . The record indicates the Supervisor did not give Grievant forewarning or foreknowledge of probable discharge for his conduct of refusal. In the present case, [the] Grievant was not informed he faced probable discharge." (Exhibit B of Motion to Vacate, Arbitration Award, p. 12).
The Arbitration Panel determined that "[the] Grievant was CT Page 5536 insubordinate when he left the work place without authorization and refused to take the drug test. However . . . [the] Grievant was not given forewarning or foreknowledge of possible or probable discharge. Without such notice, [the] Grievant's insubordination does not rise to a level warranting discharge." (Exhibit B of Motion to Vacate, Arbitration Award, p. 16.).
As in Board of Education v. AFSCME, supra, however, there is no provision in the Agreement which addresses the issue of warning. The Arbitration Panel does not cite any provision of the Agreement which states that warning must be given prior to discharge for insubordination. Moreover, the Arbitration Panel clearly indicates that they determined that a warning is necessary for a discharge for insubordination based on three general requirements that arbitrators require to be satisfied. See, e.g., International Assn. of Fire Fighters. Local1339 AFL-CIO v. City of Waterbury, supra. Therefore, the Arbitration Panel's award exceeded the scope of the submission.
"`An arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws it essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award.' United Steelworkers v.Enterprise Wheel Car Corporation, 363 U.S. 593, 597,80 S.Ct. 1358, (1960)." Board of Education v. AFSCME, supra,195 Conn. 266, 273. The Arbitration Panel exceeded its authority by considering and basing its award on its own belief that Mr. Saunders could not be discharged for insubordination unless he was warned that his insubordinate conduct could lead to his termination. The panel's belief that the grievant must be previously warned was not part of the parties' Agreement.
The City's motion to vacate the Arbitration Panel's award is granted and the Teamsters' cross application to confirm the arbitration award is denied.
KULAWIZ, J.