LURRAE LUPONE ET AL. *v.* LARRY LUPONE ET AL.
(AC 23692)

Schaller, Dranginis and McLachlan, Js.

Argued February 20—officially released May 18, 2004

*William F. Gallagher*, for the appellants (defendants).

*John A. Keyes*, with whom, on the brief, was *Martin M. Looney*, for the appellees (plaintiffs).

*Opinion*

McLACHLAN, J. The defendants[1] appeal from the judgment of the trial court denying their motion for a judicial determination of the issues to be submitted to an arbitration panel in their dispute with the plaintiffs.[2] On appeal, the defendants claim that the court should

---

[1] The defendants are Larry Lupone, as an individual and as a partner of Lupone Associates Limited Partnership, and the Lupone Associates Limited Partnership.

[2] The plaintiffs are Lurrae Lupone, individually, as a partner of Lupone Associates Limited Partnership, and as trustee of the Sylvio and Yetta Lupone Trusts for Marc Meyers and Jonathan Meyers, and Marc Meyers and Jonathan Meyers, individually.

Lurrae Lupone and Larry Lupone are brother and sister, and the Meyers are Lurrae Lupone's children.

have decided the scope of arbitrable issues rather than finding that such determination was within the purview of the arbitration panel. We affirm the judgment of the trial court.

The parties are general and limited partners in Lupone Associates Limited Partnership, which has holdings of undeveloped land, income producing real estate and securities. In November, 2000, following a dispute with the defendants, the plaintiffs demanded arbitration pursuant to an arbitration clause in the parties' partnership agreement. When the defendants refused to submit to arbitration, the plaintiffs brought an application to compel arbitration and to appoint arbitrators.

At the hearing on the application to compel, the defendants expressed concern regarding the scope of the submission of issues for arbitration. The defendants sought to have the submission of issues narrowed so as not to include inadvertently certain joint interests the parties possessed that were not then in dispute. In response to that concern, the court stated: "So, in the first instance, you want to reserve the right to come here to object and then the court will determine as a matter of law whether the objection should be heard here or by the arbitrators." The plaintiffs then agreed to present their submission of the issues to the defendants within thirty days, and the defendants agreed to respond to that submission within thirty days thereafter.

The plaintiffs timely provided their submission of issues to the defendants, who took exception to its purportedly expansive scope. After failed attempts to resolve the disagreement, the defendants filed a motion for the court to determine the submission of issues to arbitration.

After hearing argument, the court denied the motion on the ground that the arbitration clause constituted

an "unrestricted submission," such that the authority to determine the issues to be submitted to arbitration rested with the arbitration panel, not the court. This appeal followed.

The sole issue on appeal is whether the court improperly determined that the language of the arbitration clause compelled the conclusion that the arbitration panel must decide the scope of arbitrable issues.[3]

It is a long-standing principle of consensual arbitration that the nature and scope of an arbitration panel's authority is determined by the language of the arbitration clause. See, e.g., *Garrity* v. *McCaskey*, 223 Conn. 1, 4–5, 612 A.2d 742 (1992); *International Assn. of Fire Fighters, Local 1339, AFL-CIO* v. *Waterbury*, 35 Conn. App. 775, 778, 647 A.2d 361 (1994). In that regard, we have specifically determined that "[w]hether a particular dispute is arbitrable is a question for the court, unless, by appropriate language, the parties have agreed to arbitrate that question, also. . . . Whether the parties intended to submit the issue of arbitrability . . . to an arbitrator clearly depends on the parties' intent. Whether the parties intended to arbitrate the issue of arbitrability may be determined from an express provision to that effect or from the use of broad terms. . . . Unless the agreement shows such intent, the determination of the question of arbitrability remains a function of the court." (Citations omitted; internal quotation marks omitted.) *Scinto* v. *Sosin*, 51 Conn. App. 222, 227–28,

[3] During the pendency of this appeal, the plaintiffs filed a motion to dismiss for lack of an appealable final judgment. We denied the motion in an order dated January 29, 2003, and further ordered that "the parties shall address in the briefs on the merits: Whether the trial court lost its authority to determine the scope of the submission once it compelled arbitration." We concluded that the court's denial of the motion for determination of submission was an appealable final judgment. We have determined that the court properly ruled on the issues to be submitted to arbitration. Therefore, in this case, the court had jurisdiction to rule on the issue.

721 A.2d 552 (1998), cert. denied, 247 Conn. 963, 724 A.2d 1125 (1999).

The arbitration clause at issue in the present appeal provides that "[a]ny dispute, difference, disagreement, or controversy among the Partners arising out of or in connection with the Partnership or the interpretation of the meaning or construction of the Agreement, shall be referred to a board composed of one lawyer and one accountant agreed upon by the parties to such dispute. Such arbitration shall take place in New Haven, Connecticut, unless otherwise agreed upon by all of the parties. Every award or determination therein shall be final and binding upon all of the parties and the Partnership. There shall be no appeal from such award or determination and judgment thereon may be entered in any court [of] competent jurisdiction."[4]

In addition to defining broadly the scope of arbitration by use of the expansive prefatory phrase, "[a]ny dispute, difference, disagreement, or controversy among the Partners," the clause expressly reserves to the panel the authority to decide any dispute arising out of "the interpretation of the meaning or construction of the Agreement . . . ." The issue of arbitrability arises directly from the interpretation of the meaning of the arbitration clause contained in the parties' agreement. The terms of the clause, therefore, mandate that the issue of arbitrability be determined by the panel.

As we noted in *Scinto*, the "general rule" that arbitrability is determined by the court can be overcome if the parties manifest an intent to do so. See *Scinto* v. *Sosin*, supra, 51 Conn. App. 227–28. The language of the clause in the present case manifests an intent suffi-

---

[4] Although the clause subsequently was amended, by agreement of the parties, to provide for a three member panel and to change the manner in which selection of the panel is made, that modification does not affect our analysis in the present appeal, and we therefore refer to the original version.

cient to overcome the general rule.[5] We accordingly affirm the judgment of the trial court.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] We note that our holding is consistent with our strong public policy in favor of arbitration. We have stated on numerous occasions that "[a]rbitration is a creature of contract and the parties themselves, by the agreement of submission, define the powers of the arbitrator. . . . As the parties set the limits on the arbitrator's powers, they are bound by the limits they have fixed." (Citations omitted.) *Board of Education* v. *Waterbury Teachers' Assn.*, 174 Conn. 123, 127, 384 A.2d 350 (1977). Because public policy favors expeditious and autonomous alternative dispute resolution, arbitration tolerates only a minimum of judicial intrusion. See *Garrity* v. *McCaskey*, supra, 223 Conn. 4–5.