STATE OF CONNECTICUT *v.* CONNECTICUT EMPLOYEES
UNION INDEPENDENT, INC.
(12225)

LAVERY, FREEDMAN and SCHALLER, Js.

Argued November 30, 1993—decision released March 15, 1994

*Edward T. Lynch, Jr.,* for the appellant (defendant).

*Thomas P. Clifford III,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Charles A. Overend,* assistant attorney general, for the appellee (plaintiff).

SCHALLER, J. The defendant Connecticut Employees Union Independent, Inc., appeals from the judgment of the trial court vacating an arbitration award. The dispositive issue on appeal is whether the trial court improperly granted the plaintiff's motion to vacate the

arbitration award pursuant to General Statutes § 52-418 (a) (4).[1] That court determined that the arbitrator had failed to render a final and definite award. We reverse the judgment of the trial court.[2]

The following facts are relevant to this appeal. The union represents Kent Johnson, who had been employed by the state department of transportation (DOT) since 1982 under the job classification "Maintainer 2."[3] In April, 1991, the plaintiff sent Johnson a notice of layoff, effective May 16, 1991. Since no other jobs in Johnson's classification were vacant at that time, he was advised by the plaintiff to exercise whatever "bumping"[4] rights he had under the collective bargaining agreement (contract). At the time of the notice of layoff, Johnson's rights were governed by the July 1, 1988 to June 31, 1991 contract negotiated by the union and the plaintiff.

Pursuant to the provisions of the contract, Johnson bumped a DOT employee within the Maintainer 2 classification, who held a job different from his. Johnson also filed a grievance with his superiors, pursuant to the contract, concerning the notice of layoff, but this

---

[1] General Statutes § 52-418 (a) provides in pertinent part: "Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds any of the following defects . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

[2] The defendant also claimed that the trial court improperly denied its motion to open the judgment and to reargue. Because we conclude that the trial court improperly granted the plaintiff's motion to vacate the award, we need not reach this issue.

[3] At one point, Johnson was promoted to "Maintainer 3," but the position was subsequently reclassified as "Maintainer 2."

[4] In general, the term "bump" refers to the process whereby one employee takes the position of an employee with a shorter record of service. See *McKee v. Board of Education*, 32 Conn. App. 6, 8 n.4, 627 A.2d 956 (1993). The contract provided specific procedures for the bumping of less senior employees.

grievance was denied at all steps. The union then proceeded to arbitration as set forth in the contract. Arbitration hearings were held on March 12 and 19, 1992. At the first hearing, the union and the plaintiff agreed to the following submissions: "Was the selection of the grievant for layoff and/or the notice of layoff issued to grievant on April 4, 1991 in violation of Article 12 and/or Article 13 of the NP-2 Contract? If so, what shall be the remedy?" After the hearings, the parties filed briefs. The arbitrator rendered his decision on June 8, 1992, in a twenty-two page opinion, accompanied by the following award: "The selection of the grievant for layoff and/or the notice of layoff issued to the grievant on April 4, 1991 was in violation of Article 13 of the 1988-1991 NP-2 contract. The State shall immediately offer to reinstate the grievant, Kent Johnson, to his former position and make him whole for any lost wages and benefits which he incurred as a result of his layoff."

The plaintiff filed an application to vacate the award pursuant to § 52-418 (a) (4)[5] on the ground that the arbitrator had exceeded his powers or had so imperfectly executed them that the award was not final and definite. The defendant then filed a cross application to confirm the award pursuant to General Statutes § 52-417,[6] as well as a counterclaim seeking compliance with the award.[7] The trial court denied

---

[5] See footnote 1.

[6] General Statutes § 52-417 provides in pertinent part: "At any time within one year after an award has been rendered and the parties to the arbitration notified thereof, any party to the arbitration may make application to the superior court . . . for an order confirming the award. The court or judge shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419."

[7] Neither the memorandum of decision nor the judgment file included any disposition of the counterclaim. A judgment for the plaintiff on the counterclaim, however, is implicit in the trial court's decision. See *Machiz v. Homer Harmon, Inc.*, 146 Conn. 523, 526, 152 A.2d 629 (1959). The plaintiff has not appealed the decision on the counterclaim. We, therefore, do

the application to confirm, and granted the application to vacate.

This court recently reviewed and presented the basic doctrines concerning the construction of arbitration awards in *Bridgeport* v. *Connecticut Police Department Employees Local 1159,* 32 Conn. App. 289, 628 A.2d 1336, cert. denied, 227 Conn. 925, 632 A.2d 703 (1993). In that case, we reaffirmed that "[a]rbitration awards are generally upheld and we give deference to an arbitrator's decision since it is favored as a means of settling disputes. . . . The judicial review of an arbitration award is limited in scope by General Statutes § 52-418 and the terms of the parties' contract. . . .

"If the submission does not contain limiting or conditional language, then the submission is unrestricted. . . . If the submission is unrestricted, the award is final and binding, and cannot be reviewed for factual or legal error. . . . In addition, if the submission is unrestricted, an arbitrator is not required to decide the issues presented according to law. . . . Thus, [w]here the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that the construction placed upon the facts or the interpretation of the agreement by the arbitrators was erroneous. Courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrators' decision of the legal questions involved. . . ." (Citations omitted; internal quotation marks omitted.) Id., 292–94.

Our Supreme Court has further noted that "[e]ven in the case of an unrestricted submission, we have, however, recognized three grounds for vacating an award: (1) the award rules on the constitutionality of a stat-

not review the issues raised in the counterclaim, nor do we consider the propriety of filing a counterclaim with the cross application to confirm.

ute; *Caldor, Inc.* v. *Thornton,* 191 Conn. 336, 344, 464 A.2d 785 (1983), aff'd, 472 U.S. 703, 105 S. Ct. 2914, 86 L. Ed. 2d 557 (1985); (2) the award violates clear public policy; *Watertown Police Union Local 541* v. *Watertown,* 210 Conn. 333, 339, 555 A.2d 406 (1989); or (3) the award contravenes one or more of the statutory proscriptions of § 52-418. *Carroll* v. *Aetna Casualty & Surety Co.,* [189 Conn. 16, 22–23, 453 A.2d 1158 (1983)]." *Garrity* v. *McCaskey,* 223 Conn. 1, 6, 612 A.2d 742 (1993). "In our construction of § 52-418 (a) (4), we have, as a general matter, looked to a comparison of the award with the submission to determine whether the arbitrators have exceeded their powers. *New Haven* v. *AFSCME, Council 15, Local 530,* [208 Conn. 411, 415, 544 A.2d 186 (1988)]; *O & G/O'Connell Joint Venture* v. *Chase Family Limited Partnership No. 3,* 203 Conn. 133, 153, 523 A.2d 1271 (1987); *Bic Pen Corporation* v. *Local No. 134,* [183 Conn. 579, 584, 440 A.2d 774 (1981)]." *Garrity* v. *McCaskey,* supra, 7.

The submission in this case contained no limiting instruction on the power of the arbitrator, and, therefore, was unrestricted. The trial court determined that the failure of the arbitrator to designate more specifically what was meant by the phrase "make [Johnson] whole for any lost wages and benefits" rendered the award incapable of confirmation. We disagree.

The defendant maintains that it had waived any claim to overtime pay,[8] and notes that, as a practical matter, since Johnson remained an employee of the state at all times, he lost no benefits. In essence, the defendant sought that Johnson be paid the difference between

---

[8] In the defendant's motion to open the judgment, the defendant stated: "Counsel believes that during argument he indicated a claim for overtime was not applicable, or at least waived." At oral argument before this court, the defendant maintained that it had waived any claim for overtime.

his wages prior to bumping and those after. The plaintiff contends that because the arbitrator mentioned benefits in his award, he must have been referring to some lost benefits that have not been clearly delineated, and, even if the only point in contention was lost wages, the arbitrator did not provide a clear framework for the computation of lost wages, such as the time period and the method of calculating back pay.

Here, although the arbitrator did not present a detailed explanation as to how Johnson should be "made whole," the arbitrator provided sufficient guidance for the parties to satisfy the award. The arbitrator stated that Johnson should receive any *lost* wages or benefits. Wage tables for the jobs that Johnson held before and after the bumping are available for calculating the differential in Johnson's wages.[9] We conclude that the award was not rendered in violation of § 52-418 (a) (4), and that, as a result, the trial court should have granted the plaintiff's application to confirm the award.

The judgment is reversed and the case is remanded to the trial court with direction to render judgment granting the defendant's cross application to confirm

[9] The defendant appended a copy of the "Salary Plan" to its memorandum to open the judgment of the trial court vacating the arbitrator's award, and noted in that memorandum that the "Contract is Exhibit A to Complaint and includes Salary Plan (wage tables for each pay grade and step for each year of the Contract's duration)."

We also note that although the defendant reiterated at oral argument that it was not seeking any benefits for Johnson, the contract provides a discussion of the various benefits that Johnson held prior to bumping, and if, for some reason, the benefits at Johnson's new job were different, comparison of the benefits could be made to determine whether Johnson had been deprived of any benefits. Such comparison, like that involving wage differentials, would not invite application of discretion or judgment on the part of the parties, but merely an application of the data.

the arbitration award and denying the plaintiff's application to vacate the award.

In this opinion the other judges concurred.