[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 16, 1997
In this action the State of Connecticut ("State") has moved to vacate an arbitration award issued in favor of New England Health Care Employees Union, District 1199 (the "Union") on February 15, 1996.
Facts CT Page 3728
The State and the Union (P-1 and NP-6 bargaining units) entered into a collective bargaining agreement covering the period July 1, 1993 to June 30, 1997. Pursuant to that agreement the Union submitted a grievance to expedited arbitration involving the P-1 bargaining unit and Article 13 of the contract. The parties agreed to the following submission:
 1. Did the State violate the contract as specified in the grievance by its actions concerning the 4-day work week schedule?
 2. If so, what shall be the remedy consistent with the contract?
The arbitration hearing occurred on December 15, 1995 in Hartford, Connecticut. On February 15, 1996 the arbitrator issued the following award:
 1. The State violated the contract by its actions concerning the 4-day work week schedules.
 2. The Department of Social Services shall immediately re-establish the four-day work week.
 3. Employees who were working the 4-day schedule are entitled to a return to the schedules they had prior to the September 1, 1995 elimination of the 4-day week. All employees are entitled to a restoration of whatever process regarding 4-day work week eligibility was in place prior to September 1, 1995.
 4. Employees shall be reimbursed for all extra commuting and child care costs associated with the change from the 4 to the 5-day work week.
 5. Within fifteen (15) days of the date of this award, the parties shall meet and discuss the monetary remedy issues. Within seven (7) days after that meeting, the State shall give the Union notice of any factors in addition to those listed in the "Remedy" section of this decision at p. 35 that it believes should appropriately be included in employee monetary remedy affidavits.
CT Page 3729
 6. The arbitrator will retain jurisdiction over this case for sixty (60) days from the date of this award in order to adjudicate any disputes relating to the remedy.
The State instituted this action by filing an application to vacate the arbitration award.
Discussion of the Law and Ruling
The State claims that the arbitrator exceeded her powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made as set forth under Connecticut General Statutes § 52-418 (a)(4), which provides, in pertinent part:
 Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides . . . shall make an order vacating the award if it finds any of the following defects . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made.
The Connecticut Supreme Court
 has consistently favored arbitration as an alternative method for resolving disputes because it avoids the "formalities, delay, expense and vexation of ordinary litigation." . . . Hartford v. Board of Mediation Arbitration, 211 Conn. 7, 14, 557 A.2d 1236
(1989), quoting OG/O'Connell Joint Venture v. Chase Family Partnership No. 8, 203 Conn. 133, 145, 523 A.2d 1271 (1987): Waterbury Teachers Assn. v. Waterbury, 164 Conn. 426, 434, 324 A.2d 267 (1973). "[A]rbitration is a creature of contract and the parties delineate the power of the arbitrator by the terms of the submission and their agreement." Bruno v. Department of Consumer Protection, 190 Conn. 14, 18, 458 A.2d 685 (1983); Carroll v. Aetna Casualty Surety Co., 189 Conn. 16, 20, 453 A.2d 1158 (1983). Therefore, judicial review of an arbitrator's award is limited in scope. The determination of whether an arbitration board has exceeded CT Page 3730 its authority in violation of 52-418 (a)(4) is limited to a comparison of the award with the submission. Hartford v. Board of Mediation Arbitration, supra, 14; New Haven v. AFSCME, Council 15, Local 530, 208 Conn. 411, 415-16, 544 A.2d 186 (1988). OG/O'Connell Joint Venture v. Chase Family Limited Partnership No. 3, supra, 153.
East Haven v. AFSCME, Council 15, Local 1662, 212 Conn. 368, 372,561 A.2d 1388 (1989).
Since arbitration is the preferred method for resolving labor-management disputes, arbitration awards enjoy favored treatment and Connecticut Courts grant every reasonable presumption in favor of an award, imposing upon the party challenging the award the burden of producing evidence sufficient to show that the award does not, under any construction, conform to the parties' submission. East Haven v. AFSCME, Council 15,Local 1662, 212 Conn. 368, 561 A.2d 1388 (1989).
In the arbitration in this case, the parties' submission to the arbitrator did not contain any limited or conditional language restricting the arbitrator's power to construe the contract. By agreeing to the unrestricted submission, the parties authorized the arbitrator to exercise her sole judgment in resolving the dispute and fashioning a remedy. "A party cannot object to an award which accomplishes precisely what the arbitrators were authorized to do." Bridgeport v. ConnecticutPolice Dept. Employees Local 1159, 32 Conn. App. 289, 295,628 A.2d 1336 (1993). "If the submission does not contain limited or conditional language, then the submission is unrestricted. If the submission is unrestricted, the award is final and binding, and cannot be reviewed for factual or legal error." Bridgeport v.Connecticut Police Dept. Employees Local 1159, supra, at 293.
"The burden of demonstrating the nonconformity of the award to the submission is on the party seeking to vacate the award."Board of Education v. Hartford Federation of School Secretaries,26 Conn. App. 351, 353-54, 600 A.2d 1053 (1992). The State has alleged that the award does not conform to the submission because the arbitrator "did not provide a particular and definite remedy. Instead, she left it to the parties to negotiate the remedy . . ." However, the arbitrator did direct the State to immediately reestablish the 4-day work week and to reimburse employees for commuting and child care expenses. The arbitrator's CT Page 3731 remedy merely left to the parties the ministerial act of calculating the dollar amount due each employee under the reimbursement order. The award does not impose a duty to negotiate. However, it does establish a procedure for the parties to follow to calculate the amount of reimbursement.
The State claims that the award is not "final and definite" because the arbitrator did not calculate the exact dollar amount the State must reimburse each affected employee and retained jurisdiction for 60 days to resolve any dispute that might arise relating to the remedy.
An award is "final and definite" within the meaning of Connecticut General Statutes § 52-418 (a)(4) if it is "sufficiently clear and definite by its own terms; . . . . if it conforms to the submission it meets this requirement." Wolf v.Gould, 10 Conn. App. 292, 301, 522 A.2d 1240 (1987). An award is final and definite even if it leaves questions unsettled as to the exact amount of damages the grievants should receive, or provide a detailed explanation as to how the grievants should be made "whole." State v. Connecticut Employees Union Independent,Inc., 33 Conn. App. 737, 742, 638 A.2d 619 (1994).
In State v. Connecticut Employees Union Independent, Inc.,33 Conn. App. 737, 741, 638 A.2d 619 (1994), the Court reversed the trial court's determination that "the failure of the arbitrator to designate more specifically what was meant by the phrase `make [the grievant] whole for any lost wages and benefits' rendered the award incapable of confirmation." The plaintiff State of Connecticut had contended that the reference to "benefits" in the award was vague and undefined and that, even if the issue were restricted to lost wages, the arbitrator did not provide a clear framework for the computation of lost wages, such as the time period and the method of calculating back pay. The Court held that, "although the arbitrator did not present a detailed explanation as to how [the grievant] should be `made whole,' the arbitrator provided sufficient guidance for the parties to satisfy the award." 33 Conn. App. at 742.
The federal courts have also held arbitration awards to be "final and definite" when the awards did not reduce the restitution ordered to a sum certain.[1] In Synergy Gas Co. v.Sasso, 853 F.2d 59 (2d Cir. 1988), the Court upheld a district court order confirming an arbitrator's award, even though the district court also remanded the case to the arbitrator to CT Page 3732 determine issues concerning the exact amount of damages to which the grievants were entitled. The Court held that the existence of unresolved issues concerning the exact amount of damages, particularly where computation of damages is simply a "ministerial task," does not prevent a judgment on the merits from being final.
Neither party invoked the jurisdiction retained by the arbitrator during the 60-day period. The State filed this Application to Vacate within the 60-day period.
An arbitrator's use of boilerplate language generally retaining jurisdiction does not make an award nonfinal.International Assoc. of Bridge, Structural and Ornamental IronWorkers, Local 501 v. Burtman Iron Works, 152 LRRM 2870, 2873 (D.Mass. 1996), citing Dreis Krump Mfg. Co. v. International Ass'nof Machinists and Aerospace Workers, 802 F.2d 247, 250 (7th Cir. 1986). The fact that an award requires prospective implementation does not make the relief awarded any less final or definite.Dighello v. Busconi, 673 F. Sup. 85, 91 (D.Conn. 1987).
Courts have drawn an important distinction between awards that retain jurisdiction and direct the parties to follow specific instructions regarding implementation of the remedy and awards that retain jurisdiction but fail to provide any remedy and order the parties to fashion a remedy. In Local 206 v. R.KBurner Sheet Metal, 859 F.2d 758 (9th Cir. 1988), the Court explained the foregoing distinction when it distinguished its holding in Millmen Local 550 v. Wells Exterior Trim,828 F.2d 1373 (9th Cir. 1987). Millmen vacated an award in which the arbitrator ruled only on whether the collective bargaining agreement was violated but declined to fashion any remedy, and sent the question of remedy back to the parties while retaining jurisdiction in case they were unable to reach an agreement. In contrast, the issue in Local 206 involved an arbitration award in which the arbitrator ordered the parties to sign a Standard Form Union Agreement, but retained jurisdiction in the event that a court found that the remedy improperly imposed terms on nonmandatory subjects of bargaining and the parties were unable to reach agreement on those terms. The Court held that that award was final and binding. The arbitrator's contingent retention of jurisdiction did not render the award indefinite.
In this case the arbitrator retained jurisdiction to resolve disputes regarding the remedy. She made herself available to CT Page 3733 oversee the parties' progress in performing the "ministerial" task of calculating the exact monetary amount due to each employee.
Even if the award could be held to be untimely because the arbitrator retained jurisdiction for 60 days after the award to resolve any disputes which might arise regarding the remedy, the State failed to timely object to the retention of jurisdiction. The State was aware that the Union requested the arbitrator to retain jurisdiction when it received the Union's post-hearing brief on January 12, 1996. The record was not closed until January 16, 1996. The award was issued on February 15, 1996 and received by the State on February 20, 1996. The State did not raise any objection to the proposed retention of jurisdiction by the arbitrator until March 5, 1996.
A party's failure to raise the issue of timeliness prior to the issuance of the arbitration award operates as a waiver of his right to assert lack of timeliness of the arbitrator's decision.AFSCME v. New Britain, 206 Conn. 465, 468, 538 A.2d 1022 (1988). "We have made it clear that we will not permit parties to anticipate a favorable decision, reserving a right to impeach it or set it aside if it happens to be against them, for a cause which was well known to them before or during the trial."Krattenstein v. G. Fox. Co., 155 Conn. 609, 616, 236 A.2d 466
(1967). "The plaintiff's attempt to manipulate the arbitration process by reserving objection until after the announcement of the arbitral award is precisely the kind of conduct that we discountenanced in Krattenstein v. G. Fox. Co." DiamondFertilizer Chemical Corp. v. Commodities Trading Intl. Corp.,211 Conn. 541, 554, 560 A.2d 419 (1989).
In Kirkpatrick v. Connecticut Education Associate, Inc.,23 Conn. App. 727, 584 A.2d 479 (1991), the Court, relying on WestRock Lodge No. 2120 v. Geometric Tool Co., 406 F.2d 284, 286 (2d Cir. 1968), held that it should always be within the discretion of the court to uphold a late arbitration award. "if no objection to the delay has been made prior to the rendition of the award or there is no showing that actual harm to the losing party was caused by the delay."
The State was clearly on notice that the Union requested that the arbitrator retain jurisdiction to adjudicate any dispute over monetary damages if the grievance was upheld, yet it did not object to the Union's proposed retention of jurisdiction until CT Page 3734 after receiving an unfavorable decision. The State has also failed to show any harm or prejudice resulting from the arbitrator's retention of jurisdiction for a limited period.
In this case the arbitrator, pursuant to the submission, fashioned a definite remedy after determining that the State violated the collective bargaining agreement. The submission did not require that the arbitrator perform the ministerial act of calculating the exact dollar amount that the State was required to pay to each affected employee. The arbitrator ordered the parties to calculate the figure, prescribed a schedule and method for such calculation and retained jurisdiction in the event a dispute arose regarding any portion of the remedy. This court's vacation of that award based on the arbitrator's ordering ministerial calculations and retaining jurisdiction for 60 days would seriously contravene the policy favoring arbitration as a means of settling labor disputes and the law restricting court interference with arbitration awards. For the foregoing reasons, the Application to Vacate Arbitration Award is denied.
AURIGEMMA, J,