STATE OF CONNECTICUT *v.* CONNECTICUT EMPLOYEES UNION INDEPENDENT, INC. (AC 16320)

Schaller, Spear and Hennessy, Js.

Argued June 4—officially released September 2, 1997

*Jeffrey F. Gostyla,* with whom, on the brief, was *Edward T. Lynch, Jr.,* for the appellant (defendant).

*Robert A. Whitehead,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney

general, and *Charles A. Overend*, assistant attorney general, for the appellee (plaintiff).

*Opinion*

SPEAR, J. The trial court vacated an arbitration award that ordered the equalization of certain overtime opportunities for employees at the University of Connecticut Health Center (health center). The defendant, Connecticut Employees Union Independent, Inc., appeals, claiming that the trial court improperly concluded that the remedy fashioned by the arbitrator was not sufficiently definite and final. We agree and reverse the judgment of the trial court.

The defendant and the plaintiff, the state of Connecticut, are parties to a collective bargaining agreement that provides for binding arbitration. The defendant represented certain employees in the health center's heating, ventilation and air conditioning bargaining unit in a dispute over the equalization of overtime opportunities at the health center. The parties framed the following submission for arbitration: "Did [the health center] violate article 18, section eight in its equalization obligations with its [heating, ventilation and air conditioning bargaining] unit for the period ending June 30, 1992? If so, what shall be the remedy consistent with the provisions of the NP-2 contract?"

The arbitrator found that the health center violated its equalization obligation for the stated period. In the third paragraph of the award, the arbitrator entered the following order, which is at issue here:[1] "As remedy for

---

[1] The first and second paragraphs of the award provide as follows: "The [health center] violated article 18, section eight in its equalization obligation with its [heating, ventilation and air conditioning] unit for the period ending June 30, 1992.

"The [health center] shall cease and desist from considering 'phoned no response' in its equalization figures and shall discuss and reach agreement with the union regarding an appropriate process of insuring responses from employees to whom overtime is offered."

the contract violation found herein, the [health center] shall provide additional overtime opportunities during the period July 1 through December 31, 1995, to those employees who were given disproportionately fewer overtime opportunities, in order to equalize overtime opportunities for these employees."

Pursuant to General Statutes § 52-418,[2] the state filed an application to vacate the award in the Superior Court alleging, inter alia,[3] that "[t]he award orders the state to 'provide additional overtime opportunities . . . to those employees who were given fewer overtime opportunities . . .' but does not identify those employees or a means by which the state can determine who those individuals are."

The trial court concluded that the arbitrator did not provide the state with either a method for ascertaining which employees received prior disproportionate overtime opportunities or a method for equalizing those opportunities. In vacating the award, the court stated that "the arbitrator never got the evidence to arrive at the equalization remedy and the arbitrator never rendered a final and definite award of remedy."

Our Supreme Court and this court have repeatedly stated that the arbitration of disputes is favored. "[A]rbitration awards are generally upheld and are extended great deference because the arbitration process is favored as a means of settling disputes." *Steiner* v. *Middlesex Mutual Assurance Co.*, 44 Conn. App. 415,

[2] General Statutes § 52-418 (a) provides in pertinent part: "Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds . . . (4) . . . the arbitrators have . . . so imperfectly executed [their powers] that a mutual, final and definite award upon the subject matter submitted was not made."

[3] In its application to vacate, the state also alleged that the second paragraph of the award; see footnote 1; was not definite and final. The trial court did not address that claim and it is not an issue on appeal.

437, 689 A.2d 1154 (1997). "Every reasonable presumption and intendment will be made in favor of the award and of the arbitrators' acts and proceedings." (Internal quotation marks omitted.) *Board of Education* v. *AFS-CME*, 195 Conn. 266, 271, 487 A.2d 553 (1985); see also *Hartford* v. *Board of Mediation & Arbitration*, 211 Conn. 7, 14, 557 A.2d 1236 (1989); *South Windsor* v. *South Windsor Police Union*, 41 Conn. App. 649, 654, 677 A.2d 464, cert. denied, 239 Conn. 926, 683 A.2d 22 (1996).

Where, as here, the submission is unrestricted,[4] courts do not review the award for errors of law or fact. " 'When the parties agree to arbitration and establish the authority of the arbitrator through the terms of their submission, the extent of our judicial review of the award is delineated by the scope of the parties' agreement. . . . When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission.' " *Saturn Construction Co.* v. *Premier Roofing Co.*, 238 Conn. 293, 303–304, 680 A.2d 1274 (1996).

"Courts should be extremely reluctant to interfere with the decisions of arbitrators in the field of labor-management relations where arbitration is to be encouraged as a means of promoting tranquility and the prompt and equitable settlement of disputes." *International Union* v. *Fafnir Bearing Co.*, 151 Conn. 650, 653–54, 201 A.2d 656 (1964). This court has stated that "[w]e are adamant in our adherence to these principles which serve to perpetuate the autonomous nature of the arbitration process. To hold otherwise would expand the role of the trial court in arbitration proceedings which would result in an unwarranted and counterproductive

[4] The state does not claim that the submission was restricted or that the award does not conform to the submission.

diminution of the efficacy of such proceedings." *Hartford* v. *Local 760*, 6 Conn. App. 11, 14, 502 A.2d 429 (1986).

We view the award as sufficiently final and definite. We are guided to that conclusion by the principles previously stated and by our resolution of a similar claim in *State* v. *Connecticut Employees Union Independent, Inc.*, 33 Conn. App. 737, 638 A.2d 619 (1994). In that case, we reversed the judgment of the trial court that vacated an arbitration award on the ground that the award was not sufficiently final and definite. The arbitrator in *Connecticut Employees Union Independent, Inc.*, ordered, inter alia, that " '[t]he State shall . . . make [the grievant] whole for any lost wages and benefits which he incurred as a result of his layoff.' " Id., 739. We stated that "although the arbitrator did not present a detailed explanation as to how [the grievant] should be 'made whole,' the arbitrator provided sufficient guidance for the parties to satisfy the award. The arbitrator stated that [the grievant] should receive any lost wages or benefits. Wage tables for the jobs that [the grievant] held before and after the bumping are available for calculating the differential in [his] wages." Id., 742. We concluded that this information made the award sufficiently definite and final.

Here, the arbitrator's memorandum lists the names of the ten employees involved and their overtime records with respect to the overtime worked and the overtime refused, as well as the number of "phoned no response" entries. The total overtime hours, excluding the improper "phoned no response" category, ranged from 25.75 hours to 121.5 hours. Additionally, the arbitrator's memorandum addresses several definite disparities. Specifically, "[t]he stipulated submission by the parties was unrestricted and afforded the [arbitrator] broad power to fashion an appropriate remedy. In agreeing to an unrestricted submission, the parties authorized

the [arbitrator] to use [her] own judgment and discretion and to render an appropriate award." (Internal quotation marks omitted.) *Hartford* v. *IAFF, Local 760, AFL-CIO, CLC*, 24 Conn. App. 254, 258, 587 A.2d 435 (1991).

"Although the trial court may have disagreed with the arbitrator['s] remedy and may not have shared [her] conclusions, the court is precluded from substituting its own conclusions for that of the [arbitrator]." Id. Here, the trial court improperly substituted its judgment for that of the arbitrator because of a perceived lack of evidence and the imprecise nature of the award. The remedy, as was the remedy in *State* v. *Connecticut Employees Union Independent, Inc.*, supra, 33 Conn. App. 737, is sufficiently definite because the parties have adequate information from the arbitrator's memorandum to effectuate the award.

The judgment is reversed and the case is remanded with direction to render judgment denying the plaintiff's application to vacate the award.

In this opinion the other judges concurred.