## BOARD OF EDUCATION OF THE TOWN OF PLAINFIELD *v.* LOCAL R1-126, NATIONAL ASSOCIATION OF GOVERN- MENT EMPLOYEES
### (AC 28804)

Bishop, Beach and Berdon, Js.

Argued March 17—officially released May 27, 2008

*William R. Connon*, with whom, on the brief, was *Brooke H. Sherer*, for the appellant (plaintiff).

*Scott C. Jelescheff*, regional counsel, with whom, on the brief, was *Michael J. Brady*, staff attorney, for the appellee (defendant).

*Opinion*

BEACH, J. The plaintiff, the board of education of the town of Plainfield (board), appeals from the judgment of the trial court denying its application to vacate an arbitration award in favor of the defendant, Local R1-126, National Association of Government Employees

(union). The board claims that the court improperly denied its application to vacate the arbitration award because the arbitrators had exceeded their powers or so imperfectly executed them that (1) a mutual, definite and final award on the subject matter was not made and (2) an award was issued that modified the provisions of the agreement. We affirm the judgment of the trial court.[1]

The following factual and procedural history is relevant to our discussion. The union is the exclusive bargaining representative of the custodial and maintenance employees of the board. The board and the union were parties to a collective bargaining agreement covering the period from July 1, 2005, to June 30, 2008. Article XXI, paragraphs five and six, of that agreement provide: "Absences of up to four (4) weeks, to the extent the Board elects to fill in for the absent employee, will be offered to full time bargaining unit members on an overtime basis. If, after four (4) weeks, the employer decides to hire a new bargaining unit employee, once the individual on the extended absence returns to work, the individual hired as a fill-in will be the junior employee for purposes of promotion or layoff. Nothing herein shall prevent the Board from assigning a part time employee to do work at a location that has an absent full time employee."

In August, 2004, the board's director of buildings and grounds issued a directive to lead custodians to use part-time employees to cover the shifts of absent full-time employees. Following the directive, open shifts of absent full-time employees were assigned to part-time employees on a straight time basis. The union filed a

---

[1] The union requests in its appellate brief, among other things, that we grant it costs and attorney's fees. We decline to review the union's claim because it failed to file a cross appeal. See Practice Book § 61-8; *Housing Authority* v. *Charter Oak Terrace/Rice Heights Health Center, Inc.*, 82 Conn. App. 18, 19 n.1, 842 A.2d 601 (2004).

grievance on October 13, 2004, alleging a violation of article XXI of the collective bargaining agreement. After intial steps in the grievance procedure provided for in the agreement were unsuccessful in resolving the dispute, the union requested arbitration. The arbitrators framed the following issue for arbitration: "Did [the board] violate [a]rticle XXI of the collective bargaining agreement when it assigned part-time employees to perform work at schools which would have been performed by absent full-time employees without first offering that work on an overtime basis to full-time employees? If so, what shall the remedy be?"

A hearing was held on August 31, 2006. On December 28, 2006, the arbitrators issued an award finding that the board had violated article XXI. As a remedy, the award provided that "[t]he [b]oard . . . shall apply the language of [a]rticle XXI pertinent to filling positions on an overtime basis to determine the [moneys] to be given bargaining unit members who were wrongfully denied the right to fill the absences of full-time employees up to a term of four (4) weeks. The period of time for the purpose of damages shall be from the filing of the grievance until a successor contract to the July 1, 2002 to June 30, 2005 contract was signed by the parties. The [moneys] shall be paid by the [b]oard in each instance of wrongful absentee coverage by part-time employees for four (4) hours at the applicable rates . . . as the part-time employees only filled in for four (4) hours for the absent full-time employees."

The board filed in Superior Court an application to vacate the award dated January 26, 2007, pursuant to General Statutes § 52-418.[2] The board alleged that the

[2] General Statutes § 52-418 (a) provides: "Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality

award both impermissibly modified the agreement and was executed imperfectly such that it was not mutual, final and definite. The court held a hearing on March 26, 2007, at which the board called Mary Conway, superintendent of the Plainfield school district, as a witness. On April 25, 2007, the court issued a memorandum of decision denying the board's application. The court stated that the board has claimed that it does "not have the information necessary to implement the award. . . . If this information is indeed unavailable, and the superintendent so testified at the hearing, then there may be future disputes about the payments due. This is a far different matter from an arbitration which orders future negotiation. This arbitration award is final." (Citation omitted.) This appeal followed.

Before reaching the claims on appeal, we acknowledge that "the policy behind arbitration compels a deferential standard of review of arbitration awards. [T]he law in this state takes a strongly affirmative view of consensual arbitration. . . . Arbitration is a favored method to prevent litigation, promote tranquility and expedite the equitable settlement of disputes. . . . As a consequence of our approval of arbitral proceedings, our courts generally have deferred to the award that the arbitrator found to be appropriate. . . . The scope of review for arbitration awards is exceedingly narrow. . . . Additionally, every reasonable inference is to be made in favor of the arbitral award and of the arbitrator's decisions. . . .

"Despite the wide berth given to arbitrators and their powers of dispute resolution, courts recognize three

or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

grounds for vacating arbitration awards. . . . As a routine matter, courts review de novo the question of whether any of those exceptions apply to a given award. . . . The first ground for vacating an award is when the arbitrator has ruled on the constitutionality of a statute. . . . The second acknowledged ground is when the award violates clear public policy. . . . Those grounds for vacatur are denominated as common-law grounds and are deemed to be independent sources of the power of judicial review. . . . The third recognized ground for vacating an arbitration award is that the award contravenes one or more of the statutory proscriptions of . . . § 52-418." (Internal quotation marks omitted.) *International Brotherhood of Police Officers, Local 361* v. *New Milford*, 81 Conn. App. 726, 729–30, 841 A.2d 706 (2004).

In this case, the board applied to vacate the award pursuant to § 52-418 (a), which provides in relevant part that "[u]pon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made." General Statutes § 52-418 (a) (4).

"Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that . . . the interpretation of the agreement by the arbitrators was erroneous. Courts will not review the evidence nor, where the submission is unrestricted,[3]

---

[3] A submission is restricted if the agreement conferring the arbitrator's authority over the dispute limits the breadth of issues to be resolved, reserves explicit rights or conditions the award on court review. In the absence of any such restraints, it is unrestricted. *Rocky Hill Teachers' Assn.* v. *Board of Education*, 72 Conn. App. 274, 278 n.6, 804 A.2d 999, cert. denied, 262 Conn. 907, 810 A.2d 272 (2002). The board does not claim that the submission was restricted or that the award did not conform to the submission.

will they review the arbitrators' decision of the legal questions involved. . . . In other words, [u]nder an unrestricted submission, the arbitrators' decision is considered final and binding; thus the courts will not review the evidence considered by the arbitrators nor will they review the award for errors of law or fact. . . . Furthermore, in applying this general rule of deference to an arbitrator's award, [e]very reasonable presumption and intendment will be made in favor of the [arbitral] award and of the arbitrators' acts and proceedings." (Citation omitted; internal quotation marks omitted.) *Brantley* v. *New Haven*, 100 Conn. App. 853, 864–65, 920 A.2d 331 (2007); see *Rocky Hill Teachers' Assn.* v. *Board of Education*, 72 Conn. App. 274, 278, 804 A.2d 999, cert. denied, 262 Conn. 907, 810 A.2d 272 (2002).

I

The board first claims that the court improperly denied its application to vacate the award because the award was not final and definite. Specifically, the board contends that the award is indefinite because the board does not have the information and records necessary to implement it, thereby rendering "the calculation of the award open to negotiation" and, further, that the time period for the purposes of damages stated in the award cannot be ascertained.[4] We disagree.

---

[4] The award requires damages to be calculated for the time period between October 31, 2004, and the date when "a successor contract to the July 1, 2002, to June 20, 2005 contract was signed by the parties." The successor contract was signed on two different dates by the parties, April 12 and June 3, 2006, and, by its terms, was retroactive to July 1, 2005. This portion of the board's claim, however, is not properly before us. The court, in its memorandum of decision, did not address any claim of ambiguity as to the damages period, and the board did not file a motion for articulation asking the court to rule on that issue. The board has failed to provide a record that is a proper predicate for appellate review. See Practice Book §§ 60-5 and 61-10; *Roncari Industries, Inc.* v. *Planning & Zoning Commission*, 281 Conn. 66, 82 n.9, 912 A.2d 1008 (2007). We therefore decline to review this portion of the board's claim.

"In assessing whether an arbitrator has exceeded his or her powers, the basic test has become the comparison of the award with the submission to determine whether the award conforms to the submission. . . . Conformity with § 52-418 also requires that the award meet the minimum requirements of being mutual, final and definite. [A]n award must be final as to the matters submitted so that the rights and obligations of the parties may be definitely fixed." (Citations omitted; internal quotation marks omitted.) *Rocky Hill Teachers' Assn.* v. *Board of Education*, supra, 72 Conn. App. 280.

In support of its claim that the award is indefinite, the board cites *State* v. *AFSCME, Council 4, Local 1565*, 49 Conn. App. 33, 713 A.2d 869 (1998), aff'd, 249 Conn. 474, 732 A.2d 762 (1999), and *Rocky Hill Teachers' Assn.* v. *Board of Education*, supra, 72 Conn. App. 274, which hold that when future negotiations are required by an arbitration award, that award is indefinite and fails to conform to the requirements of § 52-418. In *AFSCME, Council 4, Local 1565*, the aggrieved party was a correction officer who wrongly had been dismissed from her job. The arbitration award ordered the grievant to be reinstated at *either* the Niantic correctional facility or at an alternate facility that would be agreeable to all parties. This court concluded that the language of the award was indefinite because it did not specify an exact location for placement and, thus, left the location for the placement "open to negotiation," and, therefore, it "cannot be said to fix definitively the rights and obligations of the parties." *State* v. *AFSCME, Council 4, Local 1565*, supra, 37.

In *Rocky Hill Teachers' Assn.*, the issue was the calculation of employee contributions for health and dental care premiums. In the award, the arbitrator ordered the parties "to negotiate the issue of whether to include the dental costs within the formula to determine teacher contributions toward medical/health premiums. In the

event that said negotiations do not result in an agreement between the parties within thirty (30) days, I order the parties to submit this issue to binding arbitration . . . ." (Citation omitted; internal quotation marks omitted.) *Rocky Hill Teachers' Assn.* v. *Board of Education*, supra, 72 Conn. App. 277. This court concluded in that case, as in *AFSCME, Council 4, Local 1565*, that because the award similarly required further negotiation, it thereby failed to fix the rights and obligations of the parties and was not final under § 52-418. Id., 280–81.

The cases on which the board relies are distinguishable from the present circumstances. The board concedes that the language of the award in this case does not require the parties to engage in future negotiation, as was the situation in both *AFSCME, Council 4, Local 1565*, and *Rocky Hill Teachers' Assn.* Rather, the board argues that the award is "open to further negotiation" because the board does not possess the employment records required to determine payments under the award and because the damages period is unascertainable. In short, it argues that any payments that it would make to the bargaining unit employees pursuant to the award would be highly imprecise. As a result of its inability to calculate damages, the board contends that the award in this matter impermissibly leaves the remedy to the judgment of one of the parties and open to the possibility of further negotiation or litigation. We disagree with the board's equating its case, which *may* involve further negotiation, with those two cases, in which further negotiation was impermissibly required as part and parcel of the awards rendered in those cases.

The circumstances of this case are more akin to those in *State* v. *Connecticut Employees Union Independent, Inc.*, 46 Conn. App. 520, 699 A.2d 307, cert. denied, 243 Conn. 948, 704 A.2d 801 (1997), in which the arbitrator found that the state employer had violated its overtime

equalization obligation under its collective bargaining agreement with the defendant employees union. Id., 521–22. The state applied to vacate the award alleging, inter alia, that "[t]he award orders the state to provide additional overtime opportunities . . . to those employees who were given fewer overtime opportunities . . . but does not identify those employees or a means by which the state can determine who those individuals are." (Internal quotation marks omitted.) Id., 522. In the course of concluding that the award was sufficiently final and definite, and that the trial court improperly had granted the state's application to vacate, this court stated that "the trial court improperly substituted its judgment for that of the arbitrator because of a perceived lack of evidence and the imprecise nature of the award." Id., 525. The decision also noted that an arbitrator is not necessarily required to present a detailed explanation as to how the grievant should be made whole; if he or she provides sufficient guidance for the parties to satisfy the award, it will be considered final and definite. Id., 524–25; see also *State* v. *Connecticut Employees Union Independent, Inc.*, 33 Conn. App. 737, 739, 742, 638 A.2d 619 (1994) (holding that arbitration award stating that "[t]he [s]tate shall . . . make [the grievant] whole for any lost wages and benefits which he incurred as a result of his layoff," although not detailed, provided sufficient guidance for parties to satisfy award).

We conclude that this court's reasoning in *State* v. *Connecticut Employees Union Independent, Inc.*, supra, 46 Conn. App. 520, applies to the present circumstances. The award in the case at hand orders the board to pay full-time employees for missed overtime opportunities during a certain period of time; it thereby fixes the board's obligation in relation to the union and provides the board sufficient guidance in how to fulfill that obligation. The board's suggestion that the award is

somehow indefinite and impermissibly "open to negotiation" because it claims it is unable to calculate damages misses the point. A party's putative inability to implement an award does not necessarily compel the conclusion that the award in question either is indefinite or somehow fails to fix definitively the rights and obligations of the parties. The two issues are not necessarily related. Because, pursuant to § 52-418 (a) (4), this court has the power to order that an award be vacated only when the second of those issues is implicated, the trial court properly denied the board's application to vacate the award.

## II

The board next claims that the court improperly denied its application to vacate the award because the arbitrators exceeded their power by issuing an award that modified the provisions of the agreement. Specifically, the board argues that the award was inherently inconsistent with the underlying agreement in that it essentially deleted article XXI, paragraph six, from the agreement. That paragraph states that "[n]othing herein shall prevent the Board from assigning a part time employee to do work at a location that has an absent full time employee." We disagree with the board's assessment of the award.

"An application to vacate or correct an award should be granted where an arbitrator has exceeded his power. In deciding whether an arbitrator has exceeded his power, we need only examine the submission and the award to determine whether the award conforms to the submission. . . . [A]n arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so

long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award. . . .

"Merely because an arbitral decision is not based on the express terms of a collective bargaining agreement does not mean that it is not properly derived from the agreement. An arbitrator is entitled to take cognizance of contract principles and draw on them for guidance in construing an agreement. . . . Neither a misapplication of principles of contractual interpretation nor an erroneous interpretation of the agreement in question constitutes grounds for vacatur." (Citations omitted; internal quotation marks omitted.) *Local 391, Council 4, AFSCME* v. *Dept. of Correction*, 76 Conn. App. 15, 18–19, 817 A.2d 1279 (2003).

The board argues that the arbitrators exceeded the scope of their powers when they ignored article XXI, paragraph six, of the collective bargaining agreement, and, instead, interpreted it in such a way as to prohibit part-time employees from performing their duties at a location that has an absent full-time employee. The board further argues that the implementation of the award as it stands will be inconsistent with the provisions of article XXI, paragraph six, and, further, will place the board "in the irrational position of being unable to assign custodial work to part-time employees in buildings where they are most needed."

"Arbitration awards, however, are not to be invalidated merely because they rest on an allegedly erroneous interpretation or application of the relevant collective bargaining agreement." *Local 391, Council 4, AFSCME* v. *Dept. of Correction*, supra, 76 Conn. App. 20. Our review of the record reveals that the arbitrators did not ignore article XXI, paragraph six, of the agreement, but rather offered a detailed interpretation

of that paragraph within the context of the entire agreement, the grievance and the bargaining history between the parties as to that article. Specifically, the arbitrators noted that "it is not reasonable or logical to interpret the language of paragraph six of article XXI to take away all rights of the full-time employees to be assigned, during the first four (4) weeks of an absence, to do work of the absent full-time employee. Moreover, the language of paragraph five is specific, as it pertains to the absences of full-time employees and who is to perform their work during the first four (4) weeks of the absence. The language relied on in paragraph six by the board is of an all encompassing general nature. It cannot nullify the aforementioned specific language of paragraph five."

In its memorandum of decision, the court found that the board's "claim that article XXI was deleted and modified or was interpreted in an inherently inconsistent way is no more than a disagreement with the contract interpretation arrived at by the arbitration panel." We agree. As we already have observed, "[n]either a misapplication of principles of contractual interpretation nor an erroneous interpretation of the agreement in question constitutes grounds for vacatur." (Internal quotation marks omitted.) *Local 391, Council 4, AFSCME* v. *Dept. of Correction,* supra, 76 Conn. App. 19; see also *New Haven* v. *AFSCME, Council 15, Local 530,* 106 Conn. App. 691, 700–701, 943 A.2d 494 (2008). The court properly denied the board's application to vacate the award.

The judgment is affirmed.

In this opinion the other judges concurred.