JUDICIAL EMPLOYEES LOCAL 749, AFSCME,
AFL-CIO *v.* STATE OF CONNECTICUT,
JUDICIAL BRANCH
(AC 34560)

Beach, Robinson and Bear, Js.

---

Argued May 29—officially released October 1, 2013

*George J. Kelly, Jr.*, with whom, on the brief, was *Jillian R. Calaceto*, for the appellant (defendant).

*J. William Gagne, Jr.*, with whom, on the brief, was *Kimberly A. Cuneo*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, the state of Connecticut, Judicial Branch, appeals from the judgment of the

orders should be treated any differently from judgments when the affected party seeks to open them.

trial court granting the application of the plaintiff, Judicial Employees Local 749, AFSCME, AFL-CIO, to vacate the arbitration award of June 15, 2011, and denying the defendant's motion to confirm the award. In that award, the arbitrator dismissed a grievance and found that the grievant's employment had been terminated for just cause in accordance with article 14 of the collective bargaining agreement between the plaintiff and the defendant. On appeal, the defendant claims that the trial court erred by (1) concluding that the arbitration submission was restricted and (2) improperly vacating the award. We agree that the court erred by vacating the award, and, accordingly, we reverse the judgment of the trial court and remand the case to the court with direction to render judgment granting the motion to confirm the award and denying the application to vacate the award.

The following undisputed facts and procedural history are relevant to this appeal. The grievant, Herbert Bagwell, was employed by the defendant as a juvenile detention staff supervisor. The defendant terminated the grievant's employment on September 30, 2009. In accordance with the policies and procedures outlined in the collective bargaining agreement, the plaintiff, on behalf of the grievant, filed a grievance alleging that the defendant had terminated the grievant's employment without just cause.

The grievance ultimately proceeded to arbitration. The plaintiff, as the representative of the grievant, and the defendant were the parties to the grievance arbitration.[1] The grievant arrived approximately one hour late

[1] The parties submitted the following agreed upon issues to the arbitrator: "(1) Did the [defendant] have just cause, pursuant to Article 14 of the collective bargaining agreement between the parties, to terminate the grievant, Juvenile Shift Supervisor Herbert Bagwell, on September 30, 2009? (2) If not, what shall be the remedy in accordance with the collective bargaining agreement?"

to the December 6, 2010 arbitration hearing, delaying the start of the hearing. The defendant's representative "presented an extended opening statement" and offered "voluminous documentary evidence." Before the defendant called any witnesses, the grievant stated that he needed to leave the hearing because he had a "personal family commitment" that afternoon. The grievant then stated that he wanted to be present when the defendant's witnesses testified.

Over the defendant's objection, the arbitrator recessed the hearing until 9:30 a.m. on December 22, 2010. The arbitrator later contacted the parties and the grievant to ensure that they were available to attend the December 22, 2010 hearing. The grievant assured the arbitrator that he would be present at the hearing and that he would remain in attendance for the full business day. The arbitrator told the grievant that his grievance would be dismissed if he failed to appear.

On December 22, 2010, representatives for the plaintiff and the defendant appeared at the hearing. As he had indicated in an e-mail sent to his representative the previous day,[2] the grievant did not appear. The arbitrator informed the parties that he had determined that the grievant had abandoned his grievance and that he would issue an award upholding the defendant's termination of the grievant's employment.

On June 15, 2011, the arbitrator issued his award. The arbitrator set forth the previously stated facts in

---

[2] The day before the hearing, the plaintiff's representative sent an e-mail to the grievant stating: "The hearing will continue all day until it is finished. The arbitrator will not consider any requests for a continuance and will allow the [defendant] to proceed whether you are present or not. I will see you tomorrow at 90 Washington Street at 9:30." The grievant sent the following reply: "Just finished a meeting with my counselors regarding the Branch issue. I *will not* be attending the [a]rbitration meeting tomorrow morning. There is a much bigger picture than tomorrow." (Emphasis in original.) Upon receiving the e-mail, the plaintiff's representative forwarded it to the defendant's representative.

the award before making the following conclusions: "The grievance giving rise to this proceeding is hereby dismissed. The termination of the grievant was for just cause pursuant to Article 14 of the [collective bargaining agreement]."

On June 22, 2011, the plaintiff filed an application with the court to vacate the award. On August 3, 2011, the defendant filed a motion to confirm the award. Both parties filed briefs in support of their respective positions. On November 22, 2011, the court heard argument on the application and the motion.

On March 15, 2012, the court rendered judgment in favor of the plaintiff, granting the plaintiff's application to vacate the award and denying the defendant's motion to confirm the award. The court determined that the submission was restricted, and after conducting a de novo review, also concluded that the award was "not drawn from the essence of the collective bargaining agreement, and [was] a capricious action." As such, the court vacated the arbitrator's award. This appeal followed.

The defendant claims that the court erred in vacating the award. It argues that the court erred in concluding that the arbitrator based his award solely on the grievant's failure to appear at the second hearing.[3] We agree.

In vacating the arbitrator's award, the court stated that "it is clear from the arbitrator's decision that he did not consider the evidence submitted before rendering a decision" and that "a review of the arbitrator's decision plainly reveals that the arbitrator's award was *based solely* on the grievant's failure to appear at the second hearing." (Emphasis added.) The trial court focused

---

[3] The defendant also claims that the award conformed to the submission and there was no manifest disregard of the law. We need not address these claims because the arbitrator's finding of just cause remains intact and uncontested on appeal.

exclusively on this aspect of the arbitrator's award and gave no weight to the arbitrator's finding that the termination of the grievant's employment was for just cause pursuant to article 14 of the collective bargaining agreement.

We cannot ignore the clear language of the award. In addition to dismissing the matter because the grievant failed to appear at the hearing, the arbitrator found that there was just cause for the defendant to terminate the grievant's employment. "A mere ambiguity in the opinion accompanying an award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for refusing to enforce the award. . . . To require opinions free of ambiguity may lead arbitrators to play it safe by writing no supporting opinions." *United Steelworkers of America* v. *Enterprise Wheel & Car Corp.*, 363 U.S. 593, 598, 80 S. Ct. 1358, 4 L. Ed. 2d 1424 (1960). Even if the arbitrator would have exceeded his authority had the grievance been dismissed solely because of the grievant's failure to appear, such an error does not vitiate the concomitant finding of just cause. A court's determination that one aspect of an award may be vacated because it was beyond the arbitrator's authority is not fatal to other components of the award that are within the power of the arbitrator. See *Office of Labor Relations* v. *New England Health Care Employees Union, District 1199, AFL-CIO*, 288 Conn. 223, 235, 951 A.2d 1249 (2008).

Furthermore, the arbitrator's lack of explanation as to why he concluded that there was just cause is of no significance. See *United Steelworkers of America* v. *Enterprise Wheel & Car Corp.*, supra, 363 U.S. 598 ("[a]rbitrators have no obligation to the court to give their reasons for an award"); see also *Bic Pen Corp.* v. *Local No. 134*, 183 Conn. 579, 585, 440 A.2d 774 (1981) ("[t]he arbitrator is only required to render an award in conformity to the submission and an award need

not contain an explanation of the means by which he reached the award"). We must indulge every reasonable inference in favor of upholding the arbitral award; see *Board of Education* v. *Local R1-126, National Assn. of Government Employees*, 108 Conn. App. 35, 39, 947 A.2d 371 (2008); and resolve ambiguities in favor of affirming the arbitrator's award.

The aspect of the award that the trial court found objectionable does not vitiate the just cause determination. The merits of the just cause determination were not contested on appeal.[4] Because the arbitrator's finding of just cause provides an unchallenged basis for upholding the award, the arbitrator's award legally can stand on that basis. As a result, we need not determine whether the submission was restricted or unrestricted because we need not review an unchallenged finding.[5] Therefore, whatever scope of review that hypothetically would be applied is immaterial.

The judgment is reversed and the case is remanded to the trial court with direction to render judgment granting the defendant's motion to confirm the award and denying the plaintiff's application to vacate the award.

---

[4] The arbitrator's finding of just cause was in the defendant's favor, and the plaintiff has not claimed that the arbitrator exceeded his authority or failed to answer the submitted question as to that ground. The contest, rather, appeared to have centered on whether the arbitrator really considered "just cause" to be a ground to the award at all.

[5] Although we need not review an uncontested finding, the arbitrator noted that the defendant had presented "an extended opening statement" and two hours of "voluminous documentary evidence" before the hearing was continued to accommodate the grievant. We have no record of those proceedings, and we do not assume that there was no support in the evidence for the finding of just cause.